## HENRY M. WHITMER

*v.*

## JAMES C. RUCKER *et al.* EXRS.

1. WITNESSES—*one defendant on behalf of the other against an executor.* Where the plaintiff in a suit on a joint note against two defendants dies, and the suit is revived in the name of his executors, one of the defendants is not a competent witness on behalf of his co-defendant, as to a transaction with the payee in his lifetime, of which the proposed witness and the payee were alone cognizant.

2. The intention of the limitation on the rights of parties to testify in their own behalf was, to secure mutuality of right in testifying, and that one party to the suit should not testify in a case where the party with whom the contract was made or the transaction was had was dead, or, from any cause, incapacitated to testify.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Messrs. CREA & EWING, for the appellant.

Messrs. NELSON & ROBY, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This suit was brought by Rucker, in his lifetime, on two promissory notes, given to him by appellant and Crissey. After the commencement of the suit, plaintiff died, and the suit was revived in the name of appellees, his executors. Appellant, before the trial, asked for a continuance, that he might procure the evidence of Crissey, the co-maker of the notes, who had been subpœnæd and had failed to attend as a witness; but the court overruled the motion, and that decision of the court is assigned as error.

Appellant contends that his co-defendant was a competent witness, under the statute. This is the first and part of the second sections:

"Sec. 1. No person shall be disqualified as a witness in any civil action, suit or proceeding, except as hereinafter stated, by reason of his or her interest in the event thereof, as a party or otherwise, or by reason of his or her conviction of any crime; but such interest or conviction may be shown for the purpose of affecting the credibility of such witness; and the fact of such conviction may be proven, like any other fact not of record, either by the witness himself (who shall be compelled to testify thereto) or by any other witness cognizant of such conviction, as impeaching testimony, or by any other competent evidence.

"Sec. 2. No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein of his own motion or on his own behalf, by virtue of the foregoing section, when any adverse party sues or defends, as the trustee or conservator of any idiot, lunatic or distracted person, or as the executor, administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless

when called as a witness by such adverse party so suing or defending."

It is urged, that the witness did not offer to swear on his own motion or in his own behalf, but was called by his co-defendant, and hence the case is within the first section, and he was not prohibited from testifying by the second. If this construction should be given to the statute, it would permit the defendants to swear in every case where there was more than one, as each could call the other, notwithstanding the other party to the suit sues in the fiduciary relation mentioned in the second section of the act. Such could not have been the intention of the legislature ; but the limitations contained in the second section were intended to secure mutuality of right in testifying, and that one party to the suit should not give evidence in a case where the party with whom the contract was made or the transaction was had is dead, or, from any cause, incapacitated to testify.

Had Crissey been admitted as a witness, it would have been to prove a transaction with the payee of the note, in his lifetime, of which they, alone, were cognizant, and where the version of the defendant only could have been before the jury. Such a law would tend to great wrong and injustice, and could never have been intended by the law makers. This is made clear by the exceptions to the second section. They declare, that the defendant may testify to facts occurring after the death of the opposite party ; or where an agent of such deceased person shall testify as to any conversation or transaction with the opposite party, then such party may testify concerning such conversation or transaction ; or where a third person, not a party in interest, shall testify to a conversation or admission before the death of a party, who was not present, then the party with whom the conversation is claimed to have been had, or to have made the admission, may testify ; or where the party suing or defending, or having a direct interest in the suit, shall testify as to any conversation or transaction with the opposite party, he may also

testify ; or where the deposition of a deceased party shall be read in evidence, then the other party may testify.

These exceptions explain and make the purpose of the statute manifest, and show, beyond all doubt, that it was not intended that one party to the suit should be a witness, and when, from death or other cause, the other party can not be heard to testify in his own behalf. This, like all other remedial statutes, has a spirit that extends beyond the mere letter, and it is the duty of the courts to so construe such statutes as to effectuate the objects of the law makers, as gathered from the enactment.

We are clearly of the opinion that Crissey was not a competent witness, and the court did not err in refusing to continue the cause, and the judgment is affirmed.

*Judgment affirmed.*