## DANIEL T. FOSTER AND JOHN EDDY
### v.
## RICHARD W. HART.

*Evidence—Secs. 4, Chap. 51, R. S.—Replevin—Partnership.*

1. In an action of replevin to recover a wagon from a firm, of which a surviving partner in a firm which had owned the wagon is a member, the plaintiff is incompetent as a witness in regard to statements and admissions by the deceased member of such former firm, touching an alleged sale to the plaintiff.

2. Purchasers of a partnership interest from an executor, are representatives of the deceased as to the property purchased, and are within the protection of Sec. 4, Chap. 51, R. S.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Mr. JOHN T. LILLARD, for appellants.

A purchaser from an executor stands in the shoes of the executor and succeeds to all his rights. He is a "representative" of the deceased and of his estate, as to the property purchased. Merrill v. Atkin, 59 Ill. 19; Davis v. Davis, 26 Cal. 37; Stuckey v. Bellah, 41 Ala. 700; Wamsley v. Crook, 3 Neb. 344; Fisher v. Morse, 9 Allen, 440.

An executor, or other party who has sold property, may be made a party to the record by notice to come in and defend

a suit brought by a third party claiming the property. Marlott v. Clary, 20 Ark. 281; Brewster v. Countryman, 12 Wend. 446; Reggio v. Brogiotti, 7 Cush. 166; Craighead v. McLoney, 99 Pa. St. 211 (216); Bachelder v. Brown, 47 Mich. 366; Hall v. Hamblett, 51 Vt. 589; 1 Sutherland on Damages, 140.

No adverse party, or person having an interest adverse to a surviving partner, is competent to testify to an admission or conversation with a deceased partner, not occurring in the presence of the surviving partner. Ill. Statutes, Chap. 51, Sec. 4; Henry v. Tiffany, 5 Ill. App. 548; Hanna v. Wray, 77 Pa. St. 27.

"These sections of the statute like all other remedial statutes have a spirit that extends beyond the mere letter, and it is the duty of the courts to so construe such statutes as to effectuate the object of the law-makers as gathered from the enactment. A thing within the intention is within the statute though not within the letter, and a thing within the letter is not within the statute unless within the intention." Redden v. Inman, 6 Ill. App. 55; Boynton v. Phelps, 52 Ill. 210; Whitmer v. Rucker, 71 Ill. 410; Stone v. Cook, 79 Ill. 428; Reinecke v. People, 15 Ill. App. 241; Perry County v. Jefferson County, 94 Ill. 214; People v. Hoffman, 97 Ill. 234; People v. Canal Com'rs, 3 Scam. 153; Berdan v. Allan, 10 Ill. App. 102; Anderson v. C., B. & Q. R. R. Co., 117 Ill. 26.

Messrs. Neville & Lindley, for appellee.

We submit that Mary J. McBean, as the executrix of Isaac McBean, or in any capacity, had no title and no right whatever to make a sale of any of the partnership's property of McBean & Foster, either by joining the surviving partner in a sale, or in any other way. On the death of Isaac McBean the legal title to all the partnership property passed by operation of law to the surviving partner, D. T. Foster, and he alone had power to make sales of the partnership property. The appellant Eddy is abundantly proved by this evidence to have had knowledge of the death of Isaac McBean, and of the further fact that the wagon in controversy was a part of the partnership property of McBean & Foster prior to the sale to

Hart, of which he had notice also. The appellant Eddy is presumed by the law to know that the personal representative of a deceased partner has no title to the partnership property or any part of it. It certainly can not with dignity be argued that Mrs. McBean could in any way be made liable on any implied warranty of the title of the wagon in controversy for the reason that one who knew that the wagon was partnership property is presumed to know that she could have no title whatever to it. Again, there is no implied warranty of title to a chattel by a vendor unless the vendor at the time of the sale be in possession, and that possession must be such as imports title in himself. The possession of an agent, an officer of the law, or of an executor or administrator, is not such as will create or support an implied warranty of title upon the sale of a chattel. There is nothing in the evidence to show that Mrs. McBean ever had possession of this wagon. In fact, the evidence shows the contrary. On the above propositions, we ask the court's attention to the following authorities: Miller v. Jones, Adm'r, 39 Ill. 54; Belton, Adm'x, and Yates, Sur., v. Fisher, 44 Ill. 32; Bond et al. v. Ramsey, 89 Ill. 29; Vincent & Bertrand v. Morrison, Breese, 227; Par. on Contracts, Vol. 1 (6th Ed., star p. 575); Defreeze v. Trumper, 1 Johns. 274; Vibbard v. Johnson, 19 Johns. 77; Reid v. Barber, 3 Cow. 272; McCoy v. Artcher, 3 Barb. 323; Bucknam v. Goddard, 21 Pick. 70.

If an executor or an administrator makes any contract which he is not authorized by the will or the law to make he is personally liable on the contract, and the estate is not liable. Cornthwaite v. Nat. Bank, etc., 57 Ind. 268; East Tenn. Iron Co. v. Gaskel, 2 Lea. 742; Merchants' Bank v. Weeks, 53 Vt. 115; Jessup v. Jessup, 102 Ill. 480; Ferrin v. Myrick, 44 N. Y. 315.

Mary J. McBean could lawfully have had no more connection with the sale of this wagon to Foster & Eddy than any other person could have had. Statute, Ch. 3, Secs. 87 to 90; Forrester, Ex., v. Oliver, Adm'r, 1 Ill. App. 259; Remick, Adm'r, v. Ewing, 42 Ill. 342.

The pretended sale of the wagon in controversy by Foster

to Foster & Eddy, *i. e.*, to himself and Eddy, is and was abso-
lutely void as against the executrix. Nelson v. Haynes, 66
Ill. 487.

Conger, J.    This is a replevin suit for a wagon worth about
$200. The wagon was owned by McBean & Foster, a firm
conducting a bus line and transportation business in Bloom-
ington, Illinois, until March 30, 1887, when McBean died,
leaving Foster, his surviving partner, and Mary J. McBean,
his executrix, to settle his estate. On June 1, 1887, the said
surviving partner and executrix sold the undivided partner-
ship interest of Isaac McBean, deceased, in the bus line and
transportation business, including the wagon in controversy, to
appellant, John Eddy, who formed a partnership with the
surviving partner, D. T. Foster, to continue the bus line and
transportation business. On June 11, 1887, appellee, Hart,
replevied said wagon from Foster & Eddy, claiming he had
bought the wagon of Isaac McBean some two weeks before
McBean's death.

Appellee, Hart, against the objection of appellants, was
permitted to testify as to this transaction with McBean,
including the statements of McBean in reference thereto.

The only question we deem it necessary to notice is, whether
Hart was a competent witness by whom to prove the state-
ments and admissions of McBean.

Section 4 of Chapter 51, R. S., provides: "In any action,
suit or proceeding by or against any surviving partner or
partners, * * * no adverse party, or person adversely
interested in the event thereof, shall by virtue of section
1 of this act be rendered a competent witness to testify to any
admission or conversation by any deceased partner or joint
contractor, unless some one or more of the surviving partners
or joint contractors were also present at the time of such
admission or conversation." * * * Had Hart sought to
recover the wagon in question from Foster, the surviving
partner, before the interest in such property had been sold to
Eddy, it is quite clear McBean's conversations and admissions
could not have been proven by Hart, when made, as in this

case, in the absence of Foster. And we perceive no good reason why the same rule would not be applied under the circumstances existing in the case at bar.

The intention of this limitation was to secure mutuality of right in testifying, and that one party to the suit should not testify in a case when the party with whom the contract was made, or the transaction was had, was dead, or from any cause incapacitated from testifying. Whitmer v. Rucker, 71 Ill. 410.

The section under consideration should be construed so as to effectuate the object and intention of the Legislature, and that was, when a party to a contract is dead, those who succeed to his rights in the subject-matter of the contract, whether as executors, heirs, surviving partners or purchasers, shall be protected from the statements and conversations of the deceased, made in their absence, when sought to be shown by the testimony of the adverse party. Were it otherwise, the moment the interest in property of a deceased partner should be sold, a party claiming such property, whose mouth up to that time would be closed by the law, could claim it as against the purchaser and maintain his claim by testifying to the conversations of the deceased; thus practically destroying the beneficial effects of the statute.

If the property of a deceased partner can only be protected against the testimony of an adverse party up to the time it is unsold, and the moment it passes into the hands of a purchaser it is no longer under such protection, the right of the surviving partner to sell the interest of his deceased partner would be of little value.

We hold in this case that the testimony received was not competent, first, because it was substantially a suit against Foster as surviving partner, and secondly, because Foster and Eddy, as the purchasers of the deceased's interest in the property. had a right to invoke the aid of the statute, the same as Foster could had he been sued alone as surviving partner. The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*