BENJAMIN BRESSLER, ADMINISTRATOR,

v.

EDGAR G. BAUM.

*Trover—Notes—Recovery of Value of—Witnesses.*

In an action of trover by an administrator to recover the value of certain promissory notes delivered to his testator in his lifetime, and which it is alleged the defendant converted to his own use, this court holds that, as against the administrator, it was improper to allow the maker thereof,

and another, to testify in behalf of the defendant, they being interested adversely to the administrator, and that the judgment for the defendant can not stand.

[Opinion filed December 7, 1891.]

IN ERROR to the Circuit Court of Whiteside County; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. J. & J. DINSMOOR, for plaintiff in error.

Mr. O. F. WOODRUFF, for defendant in error.

CARTWRIGHT, J.  Benjamin Bressler, administrator, with the will annexed, of the estate of Abram Ulmer, deceased, brought suit in trover against Edgar G. Baum to recover the value of two promissory notes, of $200 and $350 respectively, made by Morton A. Teachout to said Abram Ulmer in his lifetime, and which it was averred the said Edgar G. Baum had converted to his own use.  Upon a plea of the general issue there was a trial and verdict and judgment for defendant.  The evidence proved that in August, 1885, Abram Ulmer sold a farm to Morton A. Teachout, taking as a part of the consideration a series of notes made by Teachout and secured by mortgage on the premises sold, among which notes were the two notes in controversy in the suit.  It was also shown and conceded to be the fact that the name of Abram Ulmer appearing on the back of these notes was not in his handwriting.  Baum claimed title to the notes by purchase from one Wesley J. Tumbleson for $400 cash paid for the same, and offered evidence tending to prove that after the making of the notes Abram Ulmer had purchased property which was conveyed to his son, Hiram C. Ulmer, in which transaction notes secured by mortgage were given for part of the consideration to one Wetzell, from whom the purchase was made; that when the last mentioned notes became due, they were not met, and the notes in controversy were placed by Hiram C. Ulmer as collateral thereto in the hands of an attorney who held the Wetzell notes; that the Wetzell notes were subsequently satisfied and the mortgage released, and that the notes

in controversy afterward appeared in the hands of Wesley J. Tumbleson, a son-in-law of Wetzell, and Tumbleson sold them to Baum, and indorsed them. Baum claimed that the name of Abram Ulmer was indorsed upon the notes in question by Hiram C. Ulmer, and that he was authorized to make the same by virtue of a general agency in the business of his father.

After the sale by Abram Ulmer to Teachout in which these notes were given, John L. Deets purchased the same premises from Teachout, and as a part of the consideration assumed and agreed to pay the notes. Both Teachout, the maker, and Deets, who had assumed payment of the notes, had made payments of interest not indorsed on the notes and not made to either Abram Ulmer or his administrator, but made under the claimed agency of Hiram C. Ulmer. Both Teachout and Deets were offered as witnesses on behalf of Baum, and were allowed to testify against the objection of the administrator. The record does not show an exception as to Deets, but does show an exception to the ruling by which Teachout was allowed to testify. Both these witnesses were interested adversely to the administrator. They were interested in establishing the agency of Hiram by virtue of which Baum claimed title. It was error to allow Teachout to testify against the objection and exception of the administrator. First Nat. Bank v. Bressler, Adm'r, 38 Ill. App. 499.

Wesley J. Tumbleson was also allowed to testify against objection to prove the claim of Baum that the notes were sold by Tumbleson to him and for value. Tumbleson was liable on his warranty of title of the notes to Baum, and this title being directly in issue in the suit, he was interested adversely to the administrator and was not a competent witness.

The judgment is reversed and cause remanded.

*Reversed and remanded.*