Thomson, P. J.,
delivered the opinion of the court.
The complaint averred the assignment to the plaintiff by J. T. McLean and W. J. Miller, copartners, doing business as the Bank or New Castle, of their property for the benefit of their creditors, which assignment was alleged to include a judgment theretofore obtained by the bank against John C. Gallagher, on which there was due, as alleged, $180.97, and some interest. The complaint also alleged the filing of a transcript of the judgment in the office of the clerk and recorder of the proper county; the ownership by Gallagher, at the time of the filing of the transcript, of certain real estate in that county; the execution by him, before that time, but after the accruing of the indebtedness upon which the judgment was recovered, and for the purpose of defrauding his creditors, of a deed of trust, conveying his interest in the premises to the defendant Taylor, as trustee, to secure the payment of a note for $2,000, made by him without consideration to Charles Larger; the subsequent death of Larger, and the appointment of the defendant Larson, as administrator of his estate; the ineffectual efforts of the bank to collect the amount due on its judgment; and the insolvency of Gallagher. The relief sought was the postponement of the lien of the trust deed to that of the judgment.
The answer, to which we shall advert again in another connection, put in issue the charges of fraud in the execution of the trust deed. At the hearing, in support of these charges, the plaintiff and Gallagher were examined as witnesses in the plaintiff’s behalf. The defendants challenged the competency of both these witnesses. The objections to the plaintiff were that he was a party to the suit, and that he was, confessedly, directly and personally interested in its *269 result. The objection to Gallagher was that he had a direct interest in the event of the action. Our statute provides that no party to any civil action, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, when the adverse party sues or defends as the executor or administrator of a deceased person, except upon certain conditions which had no existence in this case. The statute is explicit, and .its meaning lies on its face. The plaintiff was incompetent as a witness by reason of his relation to the suit, and also by reason of an interest which he confessed in its result. In any question concerning the existence and validity of the judgment, and the amount due upon it, and hi any question concerning the good faith of the transaction in which the trust deed was executed, and, therefore, in any decision which might be reached on those questions, Gallagher was certainly interested. Although he was not a party to the suit, his testimony was virtually in his own behalf, and by the plain terms of the statute he was not a competent witness. The court erred in allowing these two witnesses to testify, although we think the error was harmless, and would not alone authorize a reversal of the judgment, because there was an abundance of other competent and uncontradicted evidence on the question of fraud, to which all that was important in their testimony went, to compel the court to find as it did on that question.
The answer was filed on the 27th day of June, 1894. On the 7th day of July, 1894, the plaintiff filed his replication. Afterwards certain amendments which the defendants had interlined in their answer were on motion of the plaintiff stricken out. What these amendments were, and in what respect they affected the allegations of the answer as it was originally framed, we are unable to ascertain from the transcript of the record, and have no means of knowing; but the original answer, as it is contained in the transcript, and which appears to have remained intact, put in issue the rendition of the judgment alleged in the complaint. It was therefore incumbent upon the plaintiff to prove a judgment *270 rendered, against Gallagher and in favor of the banlc. This he did not do. Instead of the judgment pleaded, he was permitted to introduce, against the objection of the defendants, a judgment recovered by James Ross against Gallagher. From some obscure intimations in the record, and in the argument, it might possibly be inferred that this judgment had, in some way, and at some time, become the property of the bank, — although how, or when, the record utterly fails to disclose, — and that it was the judgment to the payment of which the plaintiff was seeking to subject the land. But it was not the judgment pleaded, it did not go in support of any allegation of the complaint, and the court erred in admitting it.
But it was impossible in this proceeding to adjust and settle the rights of all persons interested. Gallagher was not a party to the suit. It was his deed which was attacked for fraud, and it was a judgment against him which was alleged to have been recovered, and to be unpaid. The questions of the existence and validity of the judgment, and its enforcibility, and also the question of the purpose of the trust deed were involved, and there could be no complete adjudication of those questions without his presence in court. Gaylords v. Kelshaw, 1 Wall. 81.
The judgment will be reversed and remanded, with leave to the plaintiff to make Gallagher a party and bring him into court, and with leave to both parties to amend their pleadings as they may be advised.

Reversed.