### John A. McAyeal et al. v. Naomi Gullett.

105    155
a202s  214

1. BILLS AND NOTES—*Indorser Coming Again into Possession of Note.*—Where a person who owns a bill of exchange or promissory note, indorses it to another, whether for value or for the purpose of collection, and comes again in possession thereof, he must be regarded, unless the contrary appears in evidence, as the *bona fide* owner and holder thereof, and entitled to recover thereon.

2. WITNESSES—*Competency of Defendants to Testify Concerning Transactions Between Themselves and a Deceased Payee of a Note.*—The defendants to a suit on a note, the payee of which is dead, are disqualified from testifying as to transactions between themselves and the deceased payee of the note, out of which resulted the note being given to them, under the statute which was enacted to protect those who succeed to the payee's rights under the note, whether as executrix, heir, surviving partner or purchaser.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

L. A. CRANSTON and A. L. PHILLIPS, attorneys for appellants.

RAY & DOBBINS, attorneys for appellee; CLOUD & MOFFETT, of counsel.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit brought in the Circuit Court of Ford County, on May 8, 1901, by the appellee, Naomi Gullett, against the appellants, John A. McAyeal, and Charles D. McAyeal, upon a certain promissory note as follows:

"$1,000.                    ELLIOTT, ILL., Dec. 14, 1888.

Fourteen months after date we promise to pay to the order of A. T. Gullett, one thousand dollars at Elliott, for value received, without any relief whatever from valuation or appraisement laws, with eight per cent interest from date until paid, and attorney's fees. It is agreed to renew part of this note if parties can not meet it at maturity.

[Signed]    JOHN A. McAYEAL,
            CHAS. D. McAYEAL."

Upon the back of which was written the following:

" Pay to Naomi Gullett, as legatee under the will of A. T. Gullett, deceased.

[Signed]    NAOMI GULLETT,
Executrix of the estate of A. T. Gullett, deceased."

The declaration averred that the note was given by the defendants to the said A. T. Gullett on the day of its date; that he died testate on February 8, 1890, and that by his last will and testament he bequeathed said note to the plaintiff. The defendants pleaded as a defense to the action that the sole and only consideration of the note was for money won by payee thereof from the defendants in speculating on the market price of grain, to wit, by buying and selling deals and options in grain; that in each and all of said deals and options, it was understood and intended by both the said A. T. Gullett and defendants, that neither was to receive or deliver the grain so bought or sold, and that the loss or gain resulting from such transaction, should be and was settled by payment or receipt of difference between the price agreed upon and the market value of same at the time appointed for the delivery thereof; and that such money so lost was settled by the execution of the

said note to the said A. T. Gullett by the defendants; of all which the said A. T. Gullett had full knowledge.

The plea was traversed, issue joined and the case tried by jury and resulted in a verdict and judgment in favor of the plaintiff for $2,030.15.

The defendants moved for a new trial and that being denied, they prosecute this appeal, and to effect a reversal argue that the court erred in instructing the jury, in ruling on the evidence and in refusing a new trial, as the verdict and judgment are not supported by the evidence.

The evidence shows that the payee of the note in his lifetime was engaged in buying and selling grain, feed, seed and coal, in the town of Elliott, Illinois; that the defendants were farmers, living near him, and during the year 1887 and 1888, they bought from him grain, seed and coal and sold him grain upon a mutual running account; that much of the grain so bought and sold was purchased and sold on the Board of Trade in Chicago through commission agents there, who were members of that board; but the evidence does not satisfactorily show that such purchases and sale of grain were made with the intention on the part of buyer and seller that the grain should not be delivered but only the difference between the buying and selling price and the market price thereof should be settled for between the parties. It does appear, however, that the consideration of the note was for a part of the balance due from the defendants to the payee of the note upon the said account.

There is no dispute but that the payee of the note died testate, and that he bequeathed the note to his wife, the plaintiff, who was the duly appointed executrix of his will.

On the back of the note was also written the following: "Pay to J. E. Ragsdale. Signed Mrs. A. T. Gullett, executrix estate of A. T. Gullett, deceased." "Pay to Mrs. A. T. Gullett. Signed J. E. Ragsdale." Which the court, over the objection and exception of the defendants, permitted the plaintiff to erase on the trial, upon her stating that while the note had been indorsed by her to J. E. Ragsdale and

by him back to her, that she had received the note as legatee under the will of her husband, the payee of the note, as a part of the assets of his estate bequeathed to her; and that, at the time of the commencement of this suit, she possessed and owned the note.

The defendants offered to testify themselves to the facts averred in their plea, but their testimony was rejected by the court upon the special objection of the plaintiff that, under the statute, they were not competent witnesses to prove those facts, as they were parties to the suit, and she was suing them on a note which they had given to her deceased husband and which she had received from his estate as legatee under his will.

The defendants excepted to the ruling of the court in granting the leave to erase and in rejecting the offered testimony and urge that such rulings were reversible error.

We think that the defendants were not prejudiced by the court permitting the indorsement to be erased, for the reason that where a person who owns a bill of exchange or promissory note, indorses it to another, whether for value or for the purpose of collection, and comes again in possession thereof, he must be regarded, unless the contrary appears in evidence, as the *bona fide* holder and owner thereof, and entitled to recover thereon. Dugan, Ex'r, v. United States, 3 Wheaton, 173, Law Ed. U. S. Reports, B. 4, 362.

And the court also properly refused to permit the defendants to testify in the case to transactions between themselves and the deceased payee of the note, out of which resulted the note being given by them to him for the reason that they were disqualified under the statute which was enacted to protect those who succeed to his rights under the note, whether as executrix, heir, surviving partner or purchasers. Foster v. Hart, 29 Ill. App. 260, and Whitmer v. Rucker, 71 Ill. 410.

The testimony introduced by the defendants showed that in the mutual account between the parties to the note, much of the amount charged to the defendants by the

deceased payee of the note, was for losses on grain bought and sold on the Board of Trade in Chicago, and that the buying and selling of grain there was governed by certain written rules which they did not introduce, but which the appellee, over their objection and exception did, and it is insisted that the court committed reversible error in admitting them in evidence; but we think not, for the reason that while, under the issues tried, it was immaterial what the custom or rules of trading on the Board of Trade were (Pardridge v. Cutler, 168 Ill. 504), yet inasmuch as the defendants showed that a part of the account for which the note was given was for losses made by them on purchases and sales of grain made on the Board of Trade in Chicago, it was not prejudicial error for the court to afterward permit the plaintiff to show the rules governing such purchases and sales of grain there.

We have carefully read the various instructions given, modified and refused, of which the appellants complain, and we fail to find wherein the rulings of the trial court on any one of them was prejudicial to appellants, and a careful consideration of the evidence convinces us that it supports the verdict, and our conclusion is that the judgment should and will be affirmed.