[No. 6149.]

## CREE v. BECKER, ADMINISTRATOR.

**Witnesses—Competency**—Where the sole defendant is made party as administrator, the plaintiff is incompetent to testify in his own behalf, for any purpose (Mills' Stats., § 4816; Rev. Stats., § 7267).—(270-273)

The circumstance that the action is upon a bond in which one still living but not joined was surety, affords no ground to make an exception to the rule prescribed by the statute.—(274)

*Error to El Paso District Court*—Hon. LOUIS W. CUNNINGHAM, Judge.

Messrs. HARRIS & PRICE for plaintiff in error.

Messrs. ORR & CUNNINGHAM and Mr. H. M. MASON for defendants in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The plaintiff, Isaac B. Cree, as a stockholder in the Shurtloff Consolidated Gold Mining Company, instituted this action for the use and benefit of the company, upon a bond given to it for the payment of $10,175.55, signed by Jacob Becker, as principal, and John Nolon, as surety. The two were originally joined as parties defendant. After the commencement of the suit, but before trial, Jacob Becker died and his administrator was substituted in his stead and defends in that capacity. At the trial the plaintiff himself was offered as a witness. Objection was made to his testifying, on the ground of his disqualification, under section 4816 of Mills' Ann. Stats., as he is the plaintiff, and also because of his interest in the result of the suit, being a stockholder in the corporation, as appears from the pleadings, for whose use and benefit the suit is brought.

Thereupon, and before the court had passed upon the objection, the plaintiff moved, was permitted to, and did, dismiss the action as to the defendant Nolon. Thereafter, and at the proper time, plaintiff again made formal offer of proof, by his own testimony, to support and maintain all the material allegations of the complaint. To this offer the original objection was renewed and upheld by the court. The plaintiff made no further offer, and, on motion, the jury was instructed to return a verdict for the defendant, upon which verdict a judgment of dismissal was entered. To review that judgment, and the ruling of the court in rejecting plaintiff as a witness and in directing a verdict, the case comes here on appeal.

The pleadings show that the plaintiff was the owner of one-third of the entire capital stock of the Shurtloff Company; also that Nolon, the surety on the bond, is likewise a stockholder in the company, also owning one-third of its entire capital stock, and so entitled to share equally with plaintiff in the proceeds of any judgment that might be obtained against the estate of Becker. The genuineness, due execution and delivery of the bond, with all other averments of the complaint, except mere formal matter, were put in issue by the administrator, through verified answer.

Upon the record the case must be treated as one against the administrator as the sole defendant, for such was the fact at the time of the formal offer of proof by plaintiff. The question is upon the propriety and correctness of the court's ruling, on the record as it then stood, in rejecting plaintiff as a witness. He was proffered to prove every fact necessary to be shown to establish a right of recovery, including the genuineness, the due execution and delivery of the bond by the administrator's decedent, and as well generally what Becker in his lifetime said and did in reference to the entire transaction.

The section of the statute involved and for consideration in this case is as follows:

Section 4816 Mills': "That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee, unless

when called as a witness by such adverse party so suing or defending.   *   *   *,"

Then follow five specific exceptions, and unless the plaintiff comes within one of them he manifestly is within the inhibition of the statute.  This has been held over and over again by our court and by the court of last resort in Illinois, from which latter state this provision was borrowed.

In the case of *Whitsett v. Kershow et al.,* reported in 4 Colo., at page 419, where the plaintiff sued the defendants as heirs at law, we find the first pronouncement of our court upon this statute, in which case, "Against a general objection to his competency as a witness in the case, the complainant testified before the master in his own behalf, in support of all the material allegations in the bill, and the first question presented for our consideration is, as to the competency of this testimony."  The court there held, in absence of a showing that plaintiff had brought himself within some one or more of the exceptions covered by the statute, that he was incompetent to testify as a witness in the case.

In the case of *Jones v. Henshall,* reported in 3 Col. App., at page 448, where Jones, as administrator of an estate, brought suit against the defendants, Henshall and his wife, to recover the sum of $3,000.00, alleged to be due on a promissory note executed by them in favor, and found among the assets of the decedent.  When the defendant Henshall was offered as a witness in his own behalf, plaintiff, as administrator, objected to his giving testimony because incompetent under this provision, which objection was overruled and Henshall allowed to testify.  In reversing that judgment for error in permitting Henshall to testify, the court said:

"It is needless to quote the section or state the exceptional circumstances under which a party may

give evidence. In general it may be said that a party is absolutely incompetent to give evidence on any subject when he brings an action against an administrator, or defends a suit brought by one. The character of his testimony and the subject-matter about which he testifies are totally unimportant. If the evidence which he gives is relevant to any issue made in the case, it is error to permit him to give it at his own instance, and if the objection be properly interposed in apt time, it must be sustained.''

Again in the case of *Williams v. Carr, Adm'r.,* reported in 4 Col. App., at page 363. There Carr and another, as administrators, sued Williams and another on a note given to their decedent. It was sought to prove by one of the defendants, Ulman, who was not served, that the defendant Williams was a mere surety on the note, and Ulman, the other defendant, the sole beneficiary. The court, in holding Ulman disqualified as a witness under the statute, although a joint defendant, said:

''A large part of the argument of plaintiff in error is devoted to an attempt to establish the competency of Ulman as a witness, and many authorities are cited, but this being a statutory prohibition but little aid can be gained from text writers or state decisions where the statutes are not identical or at least analogous. This section of our statute was taken from that of the state of Illinois, and the language is identical. The statute has been frequently construed in that state adverse to the contention of counsel. * * *

''Although the statute may, in this instance, and in some others, work a hardship and prevent parties from establishing honest defenses, it is a salutary one and necessary for the protection of estates, widows and minor heirs, who, without some

rule of evidence of this kind, would find themselves at the mercy of any unprincipled debtor, and while the rule need not be unnecessarily extended, it should not be so restricted as to fail in its intention."

The latest expression by this court on the subject appears in the case of *Temple v. Magruder*, reported in 36 Colo., page 390, wherein it is said:

"By the plain and positive provision of this statute, the appellee was incompetent to testify in the cause of his own motion, and over the objection of appellant, upon any matter, or at all. That this is the purpose and meaning of this statute is settled by previous decisions of this court and of the court of appeals."

Beside the foregoing these additional decisions in our state support this contention: *Gilham v. French*, 6 Colo. 196; *Levy v. Dwight*, 12 Colo. 101; *Rathvon v. White*, 16 Colo. 41; *Palmer v. Hanna*, 6 Colo. 55; *Rogers v. McMillen*, 6 Col. App. 14; *Cooper v. Wood et al.*, 1 Col. App. 101.

Also the following decisions from Illinois are in point and abundantly support the conclusion here reached: *Lowman v. Aubrey*, 72 Ill. 619; *Whitman v. Rucker*, 71 Ill. 410; *Bragg v. Geddes*, 93 Ill. 39; *Langley v. Dodsworth*, 81 Ill. 86; *Miller v. Craig*, 16 Ill. App. 139.

An examination of the record shows conclusively that the plaintiff is within none of the exceptions to the statute, and equally plainly that he is within the inhibition thereof. This provision is free from all possible doubt as to its purpose. Its terms are plain, clear and direct. It evidently means just what it says, and says just what it means, and needs no construction. It is not even pretended that plaintiff is within any of these express exceptions. The contention is for a new rule, and another and different construction of the statute, as applied to the case

(18)

at bar. We do not apprehend the force of the argument that, as Nolon is a co-obligor on the bond, and yet living, the inhibition of the statute against the plaintiff as a witness is thereby removed. These facts do not appear to us as in any sense qualifying him to testify against the administrator. The statute indicates no such exception, and none such should be read into it.

If Nolon could have properly been joined with the administrator as a party, and were actually so defending, then it may well be that the plaintiff would have been a qualified witness at least against him, and possibly for all purposes; though we do not decide this, since no such case is presented. If a state of facts such as is above indicated were here, then the authorities cited by plaintiff seem in point, and are certainly persuasive to, if indeed they do not compel, his view. These are, however, all cases involving actions, in one way or another, between the legal representative of a deceased person, joined with a surviving partner or co-obligor, where the testimony of the adverse party seems, in any event, competent against the survivor. In this case, the sole defendant is the administrator, and there is nothing, either in the statute or adjudicated cases, which, under the facts here shown, qualify the adverse party as a witness. The authorities relied upon by plaintiff are not applicable, and we find nothing in any of them which, under the conditions and circumstances disclosed by this record, conflict, in the slightest degree, with the views we express.

The ruling of the court in rejecting plaintiff as a witness, being in harmony with our conclusions, and the judgment of dismissal, which necessarily followed, appearing to be correct, is affirmed.

*Affirmed.*

Mr. JUSTICE HILL and Mr. JUSTICE WHITE concur.