CORDINGLY v. KENNEDY.

(Circuit Court of Appeals, Eighth Circuit. January 25, 1917.)

No. 4535.

1. EXECUTORS AND ADMINISTRATORS ⬤⟲524(3)—ACTIONS BY—FILING OF ORDER APPOINTING FOREIGN REPRESENTATIVE.

Under Rev. St. Colo. 1908, § 7152, providing that, where any executor, etc., shall have been appointed in any other state or territory, he shall, upon filing his original appointment, or a copy thereof, duly authenticated as required to make the same receivable in any court of record in the state, be entitled to prosecute and defend any action or proceeding relating to the estate, substantial compliance is sufficient, and the failure of a foreign executor to incorporate in his complaint a copy of the exemplification of his official bond and letters testamentary does not render the complaint subject to demurrer, where he had filed a copy of his appointment duly authenticated as required by law, for, though there be a failure to comply with the strict terms of the statute, the defect can be cured by filing the order of appointment or copy at any time before hearing.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2335–2343.]

2. APPEAL AND ERROR ⬤⟲204(4)—PRESENTATION OF GROUNDS OF REVIEW IN COURT BELOW—NECESSITY.

An objection to the introduction of an exemplified copy of the letters testamentary of the foreign executor, who was suing as plaintiff, cannot be considered on appeal, where not called to the attention of the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1264–1271, 1278; Trial, Cent. Dig. § 172.]

---

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. APPEAL AND ERROR ⊂⊃920(1)—FOREIGN EXECUTORS—BOND—SUFFICIENCY—
   PRESUMPTIONS.

Rev. St. Colo. 1908, § 7153, declares that the court in which any action may be brought by any foreign executor, etc., shall not grant authority to maintain suits in the state unless he shall file a properly authenticated copy of his letters of executorship, etc., and a properly authenticated copy of his bond, with security in double the amount of the value of the property and estate sought to be recovered, unless it shall appear to the court that removal of such estate will not conflict with the interest of the ward or estate represented, or the terms of limitations attending the right by which the ward or wards or the estate own the same, or the rights of creditors. A foreign executor, suing on a note for $5,000 upon which a little more than one year's interest at 6 per cent. had accrued, gave bond in the sum of $10,000. *Held* that, as the statute is not mandatory, and therefore not jurisdictional, but lodges discretion in the trial court, the defendant cannot, on appeal, attack a judgment in favor of the executor, on the ground that the bond was insufficient, the record being silent as to the matter; there being a presumption of regularity and validity attending the judicial acts of courts of record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3714, 3716, 3720.]

4. APPEAL AND ERROR ⊂⊃274(3)—PRESENTATION OF GROUND OF REVIEW IN
   COURT BELOW—EXCEPTIONS—NECESSITY.

In an action by an executor on a note held by his testatrix, testimony received, subject to objection that the witness was incompetent, was rejected by the trial court, and judgment rendered for the executor. The defendant then and there excepted to the judgment, and prayed for 15 days within which to file a motion for new trial. *Held* that, there being no other exception to the exclusion of the testimony deemed incompetent, an assignment of error complaining of its exclusion may be rejected, on the ground that the question was not preserved for review.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1605.]

5. WITNESSES ⊂⊃140(14)—INCOMPETENCY—"INTERESTED PARTY."

Sess. Laws Colo. 1911, p. 676, declares that no party to any civil action or person, directly interested in the event thereof, shall be allowed to testify therein of his own motion or in his own behalf, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic, or as the executor or administrator, etc., of any deceased person, unless called as a witness by such adverse party. In an action on a note held by plaintiff's testatrix, defendant contended that the note was a purely formal instrument, which he had executed so that the testatrix could exhibit it to other relatives and thus conceal her gift of a sum of money in the amount of the note to her grandson, that it was not intended the note should be enforced, that it was understood the grandson should also sign it, and that after defendant had signed it he delivered it to the grandson, who failed to sign 'it, but without authority delivered it to the testatrix. Defendant offered the grandson as a witness to such understanding. *Held,* that the grandson was an interested party, for according to his testimony defendant was only a surety or an accommodation maker, and defendant, if defeated, might have recourse against the grandson, and hence he was incompetent.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 613.

For other definitions, see Words and Phrases, First and Second Series, Interested.]

6. WITNESSES ⊂⊃178(3)—COMPETENCY—CROSS-EXAMINATION.

Where, in an action by an executor, the defendant tendered an interested witness, cross-examination by the executor to such an extent as to disclose the witness' interest, and consequent incompetency, is 'not a waiver of objection to his competency.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 722.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

7. Courts ⬤➡406(1)—Circuit Court of Appeals—Review—Matters Review-
   able.
   The denial of a motion for new trial cannot be reviewed on writ of
   error to the Circuit Court of Appeals.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103.]

8. Executors and Administrators ⬤➡524(2)—Actions—Defenses.
   Rev. St. Colo. 1908, § 7152, providing that no judgment in favor of any
   foreign executor, etc., shall be rendered until such executor shall first
   have given 10 days' notice of publication of the pendency of the action,
   is for the benefit of those having adversary interests, particularly local
   creditors, and a defendant duly served with process, who contested on
   the merits, cannot attack the judgment against him and in favor of a
   foreign executor, because the notice was not given; the omission being a
   mere irregularity.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent.
   Dig. § 2334.]

In Error to the District Court of the United States for the District
of Colorado; Robert E. Lewis, Judge.

Action by Henry Spicer Kennedy, executor of the last will and tes-
tament of Harriet U. Kennedy, against Alfred Cordingly. Judgment
for plaintiff, and defendant brings error. Affirmed.

Charles F. Carnine, of Denver, Colo. (Ponsford & Carnine, of Den-
ver, Colo., on the brief), for plaintiff in error.

Edwin H. Park, of Denver, Colo. (Thomas H. Gibson, of Denver,
Colo., on the brief), for defendant in error.

Before CARLAND, Circuit Judge, and TRIEBER and VAN VAL-
KENBURGH, District Judges.

VAN VALKENBURGH, District Judge. Defendant in error sues
in the capacity of executor of the last will and testament of Harriet
U. Kennedy, deceased, who died in Los Angeles county, Cal., in May,
1913, to recover judgment against plaintiff in error for the sum of
$5,000, with interest thereon at 6 per cent. per annum from February
20, 1913, upon a promissory note dated January 20, 1911, signed by
plaintiff in error and payable to the order of the testatrix of defend-
ant in error. To the complaint plaintiff in error filed a demurrer and
answer. The demurrer challenged the legal capacity of defendant in
error to institute or prosecute the cause of action set forth, for the
reason that he is suing in an official capacity as executor under an al-
leged appointment by the superior court of Los Angeles county, Cal.,
and as such has failed to comply with the terms and requirements of
sections 7152 and 7153 of the Revised Statutes of Colorado of 1908,
in that it was not shown by the complaint that as such executor he
had filed in the trial court his original appointment, or a copy thereof
duly authenticated, as required to make the same receivable in courts
of record in the state of Colorado, and, further, in that said complaint
failed to show that said defendant in error had filed in said cause a
properly authenticated copy of his bond as such executor, with security
in double the amount of the value of the property and estate sought
to be recovered; that by reason of the premises the complaint did not

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

state facts sufficient to constitute a cause of action. This demurrer was by the court overruled.

By the answer plaintiff in error put in issue all the allegations of the complaint, except that pleading the jurisdictional amount in controversy, and for further defense alleged in substance:

"That on or about January 16, 1911, Harriet U. Kennedy, testatrix of defendant in error, delivered to plaintiff in error $5,000, with instructions that the latter should use said sum to the best of his judgment in a business enterprise engaged in by one Charles T. Kennedy, who is a grandson of defendant in error's testatrix, and who is a son-in-law of plaintiff in error, and that this money was intended as a gift from the said Harriet U. Kennedy to her grandson; that Harriet U. Kennedy's property was derived from the estate of her deceased husband, and that at the time she made this gift she was in fear of controversy or litigation with her two sons, who were the other heirs of said estate, and that by reason of this apprehension she requested the said Charles T. Kennedy to make a formal promissory note to represent the amount of the $5,000 gift, so that she could exhibit the pretended note and thus account for said sum of $5,000 in the event such contemplated controversy should arise; that this note represented no indebtedness whatsoever, and that plaintiff in error signed it upon the express understanding that he should not be called upon to pay it; that it was further understood that the said Charles T. Kennedy should also sign the note, and that, after plaintiff in error had signed it, he delivered it to Charles T. Kennedy, who failed to sign the note, and without authority delivered it to defendant in error's testatrix, and that plaintiff in error did not know until April, 1914, that Charles T. Kennedy had not signed said pretended note; that plaintiff in error expended said sum of $5,000 solely for the benefit of said Charles T. Kennedy, and that the former derived no personal gain or profit therefrom, and received no consideration for signing said note; that defendant in error's testatrix stated that when the estate of her deceased husband was settled, and she would no longer be called upon to account for said $5,000, she would cancel said note; and that, although her husband's estate was settled prior to her death, she failed to cancel and return said pretended note."

To this answer defendant in error filed a demurrer, which was likewise overruled.

At the trial, to the court sitting as a jury, defendant in error offered in evidence Exhibit A, the promissory note in question; Exhibit B, letters testamentary issued to him by the superior court of Los Angeles county, Cal.; and Exhibit C, the bond of Henry S. Kennedy as executor. Exhibits A and B were admitted without objection, and that interposed to Exhibit C was overruled, and an exception duly saved. It was further agreed that the record might show, without proof, that Harriet U. Kennedy was dead, and died prior to the bringing of this suit. Thereupon defendant in error rested his case.

Plaintiff in error then offered the above-named Charles T. Kennedy as a witness in his behalf. Defendant in error objected to the competency of the witness to testify, on the ground that the case was being prosecuted by the executor of the last will and testament of the payee in the note; that under the allegations of the answer the witness was an interested person, within the meaning of the Colorado statute, and was therefore disqualified. The court reserved its ruling, and the testimony was received subject to the objection. Plaintiff in error was next sworn on his own behalf, but upon objection his testimony was excluded. Of this ruling complaint is not urged in this court. Plaintiff in error offered no further testimony, and the court there-

upon, after argument, ruled that the witness Charles T. Kennedy was an incompetent witness, sustained a motion to strike out his testimony already received, and rendered judgment on the note for principal and interest in the sum of $5,646.66, and for costs, "to which order and judgment, to be entered as aforesaid, and to the entering of said judgment, the defendant, by his counsel, then and there duly excepted."

The following errors are specified: (1) The court erred in overruling the demurrer to the complaint. (2) The court erred in admitting in evidence Exhibit B, purporting to be an exemplified copy of letters testamentary issued to defendant in error, upon the ground that it does not follow the approved form of such letters testamentary as recognized by the Code of Civil Procedure of California. (3) The court erred in admitting in evidence Exhibit C, purporting to be a copy of the bond of defendant in error as executor of the estate of Harriet U. Kennedy, deceased. (4) The court erred in ruling that Charles Kennedy was not a competent witness to testify in said cause, and in striking out the testimony given by him. (5) The court erred in overruling the motion of plaintiff in error for a new trial. (6) The court erred in rendering judgment in said cause, for the reason that the defendant in error did not, for at least 10 days prior to the rendition of said judgment, or for any other period of time, or at all, give notice of the pendency of said action by publication in the county where said cause was pending, or in any other county within the said district of Colorado.

[1] 1. Section 7152, Revised Statutes of Colorado 1908, provides:

"When any executor, administrator, guardian or conservator shall have been appointed such in any other state or territory of the estate of any person not a resident of this state at the time of his death, or at the time of such appointment, in the case of minors and lunatics, such foreign executor, administrator, guardian or conservator, upon filing his original appointment or a copy thereof, duly authenticated, as required to make the same receivable in any court of record in this state, may prosecute and defend any action or proceeding relating thereto, as may be prosecuted and defended by any such official duly appointed by any county court of this state; but no judgment in favor of any such executor, administrator, guardian or conservator, shall be rendered until such executor, administrator, guardian or conservator shall first have given notice of the pendency of such action by publication for at least ten days in some newspaper of general circulation, published in the county where such suit is pending."

Error is assigned to the action of the trial court in overruling the demurrer, because defendant in error did not incorporate in his complaint a copy of the exemplification of his official bond and letters testamentary. Copies of the documents themselves were set out therein. At the hearing on demurrer it was conceded that defendant in error had filed a copy of his appointment, duly authenticated, as required by law. In this court the same concesssion is made in the brief of counsel. Was the omission so to state in the complaint fatal on demurrer? We do not think so. Substantial, if not literal, compliance with the statute is shown, and that is sufficient. Even though there had been failure to comply with the strict terms of the statute, the defect could have been cured by filing at any time before hearing. But in this case compliance is admitted. Dodge v. Town of North Hudson

(C. C.) 188 Fed. 489–493; Hodges et al. v. Kimball et al., 34 C. C. A. 103, 91 Fed. 845.

[2] 2. The second specification of error cannot be considered here, because no objection was made at any time to the introduction of Exhibit B, which is an exemplified copy of the letters testamentary; the attention of the trial court was not called to this alleged error, and nothing was preserved for review in this court.

[3] 3. The objection to the bond of the executor, defendant in error, is founded upon section 7153, Rev. Stat. Colo. 1908, which provides:

"The court in which any action may be brought by any foreign executor, administrator, guardian or conservator shall not grant the authority given in this act to maintain suits in this state, unless he shall file with the court a properly authenticated copy of his letters of executorship, administratorship, guardianship or conservatorship, as the case may be, and a properly authenticated copy of his bond, with security in double the amount of the value of the property and estate sought to be recovered in such action, which letters and bond shall have been executed and filed according to the laws of the state where such executor, administrator, guardian or conservator is appointed, unless it shall appear to the court that a removal of such estate will not conflict with the interest of the ward or estate represented or the terms of limitations attending the right by which the ward or wards or the estate own the same, or the rights of creditors. If there be a resident executor, administrator, guardian or conservator in any such case, such resident official shall have ten days' notice of the application or intention of such nonresident executor, administrator, guardian or conservator to bring such action, and in all such cases, the resident executor, administrator, guardian or conservator shall have the right to bring such action if he shall elect so to do within such time."

The contention is that the bond fails to comply with the statute, because not "in double the amount of the value of the property and estate sought to be recovered in such action." The property sought to be recovered was money, evidenced by a promissory note for $5,000, with interest at the rate of 6 per cent. per annum from February 20, 1913. At the time the suit was filed a little more than one year's interest had accrued, which plaintiff in error insists was readily ascertainable by mathematical computation. The bond given was in the sum of $10,000. The amount of the judgment was $5,646.66.

It may well be doubted whether the law contemplates consideration of other than the principal sum sought to be recovered, and whether the security given was not a substantial compliance with both the letter and the spirit of the statute in this regard. However, the objection is not tenable for another obvious reason. The statutory provision is not mandatory, and therefore not jurisdictional, but expressly lodges discretion in the trial court. It directs a bond with security in double the amount, etc., "unless it shall appear to the court that a removal of such estate will not conflict with the interest of the ward or estate represented or the terms of limitations attending the right by which the ward or wards or the estate own the same, or the rights of creditors." The record is silent upon this matter, but the presumption of regularity and validity attending the judicial acts of courts of record compels the conclusion that the court, in the exercise of its sound discretion, deemed the bond sufficient to protect all rights involved, as it undoubtedly was.

[4] 4. The action of the court in ruling that Charles Kennedy was not a competent witness, and in striking out the testimony given by him, was based upon the following statutory provision:

"That no party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or administrator, heir, legatee or devisee of any deceased person, or as guardian or trustee of any such heir, legatee or devisee; unless when called as a witness by such adverse party so suing or defending," etc.   Session Laws of Colorado 1911, c. 229.

The testimony of this witness was received subject to objection and to a ruling that the same should be stricken out if decided to be incompetent.   The subsequent action of court and counsel is thus stated in the record:

"The Court: I think the authorities are with the plaintiff. Under the statute Kennedy was not a competent witness as the statute is construed by the appellate courts of Colorado, and therefore it would be necessary to sustain the objection based on the ground of the motion to strike out his testimony. Judgment on the note for principal and interest $5,646.66 and costs. (To which ordering of judgment to be entered as aforesaid, and to the entering of said judgment, the defendant, by his counsel, then and there duly excepted, and prayed for 15 days within which to file a motion for new trial, which was granted.)"

It is and must be conceded that without the testimony of this witness no defense upon the merits was disclosed.   The exception of plaintiff in error was taken generally to the action of the court in ordering and entering judgment—which is amply supported by the record—and not to its action in sustaining the motion to strike.   This assignment might safely and soundly be rejected for the reason that, by his failure to except, plaintiff in error has not preserved this question for review.   But, upon the entire record presented, we think the trial court committed no error in this ruling.

[5] Plaintiff in error makes two contentions concerning the competency of the witness Kennedy: (a) That he was not a "person directly interested" in the event of the suit.   (b) That defendant in error, by cross-examining this witness, waived any right which he may have had to object to his testimony.

The interest of Kennedy in the result of this litigation is made to appear by a consideration of the rights created or extinguished by its issue.   If plaintiff in error were defeated, as he was, then, upon Kennedy's own testimony, as sought to be introduced, Cordingly could recover over against Kennedy, for whom he was surety, or accommodation maker.   If, however, Cordingly should prevail, then Kennedy would stand relieved from any claim, because he had assumed no liability to Cordingly unless the latter could be compelled to satisfy Kennedy's debt.   It was therefore of vital and direct interest and importance to him that Cordingly should win this case, thereby removing any foundation for a cause of action by Cordingly against him.   The Colorado statute in question was taken directly from that of Illinois.   Brown v. First National Bank, 49 Colo. 393, 113 Pac. 483.   The construction in

the latter state conforms to the view reached here. Bressler v. Baum 42 Ill. App. 190; First Nat. Bank v. Bressler, 38 Ill. App. 499. In the latter case it was said:

"Where the liability of the maker over for certain payments of interest he had made upon the note in suit depended upon the event of the action, which was by an administrator, such maker is not a competent witness in his own favor and against the administrator, although he is not a party to the suit."

But as we view it, the rule announced in Colorado is not otherwise. Cree v. Becker, 49 Colo. 268, 112 Pac. 783; Larson v. Ross, 10 Colo. App. 267, 50 Pac. 730; Williams v. Carr, 4 Colo. App. 363–367, 36 Pac. 644, 645. In Williams v. Carr, one Ulman was adjudged incompetent as to a witness, under circumstances similar in legal aspect to those in the case at bar. The court said:

"If the debt was collected of Williams, Ulman would be liable to him. If, as attempted in the deposition of Ulman, the fact was established that the mining bonds were delivered by Ulman to the plaintiff, and by him received in full satisfaction and discharge of the note, this would relieve, not only Williams, but himself, from all liability or indebtedness; viewed in any light, his legal position is such as to disqualify him under the statute. * * * Although the statute may, in this instance, and in some others, work a hardship, and prevent parties from establishing honest defenses, it is a salutary one, and necessary for the protection of estates, widows and minor heirs, who, without some rule of evidence of this kind, would find themselves at the mercy of any unprincipled debtor, and while the rule need not be unnecessarily extended, it should not be so restricted as to fail in its intention."

This case is cited with approval, and the rule thus announced is confirmed, in Cree v. Becker, supra. If the cases of Smith v. Smith, 22 Colo. 480, 46 Pac. 128, 34 L. R. A. 49, 55 Am. St. Rep. 142, and Allen v. Shires, 47 Colo. 433, 107 Pac. 1070, may be construed as tending to sustain the contention of plaintiff in error, they are not in harmony with at least one later decision of the same court. Where the law of a state has not been definitely settled by sufficiently consistent decisions of its courts of last resort, it is the duty of the federal courts to give effect to their own independent judgment. Kuhn v. Fairmont Coal Co., 215 U. S. 349, 30 Sup. Ct. 140, 54 L. Ed. 228. We therefore adopt that construction which better satisfies the language and spirit of the statute and meets the abuses which it seeks to correct.

[6] But counsel insist that defendant in error is not in a position to question the competency of this witness, because whatever right he may have had in this regard was lost by cross-examination. Allen v. Shires, 47 Colo. 433–436, 107 Pac. 1070, is cited. That case, upon examination, does not support this contention. There plaintiff, in making out his case in chief, called to the witness stand the defendant to be examined, as if under cross-examination, which is permitted by section 7284, Rev. Stat. Colo. 1908. By this section, the party called for such examination shall not be concluded thereby, but may rebut it by counter testimony. The cross-examination to which plaintiff subjected defendant covered a very wide range, bore on all the material issues raised by the pleadings, and even passed beyond them. This is a very different situation from that presented in the instant case, where the witness was not called by the adverse party, but was cross-exam-

ined only to such extent as would fully disclose that he was a party directly interested in the result of the controversy; which was made clearly to appear.

[7] 5. The fifth specification may be dismissed, with a restatement of the established rule in this jurisdiction that the action of a trial court, in overruling a motion for new trial, cannot be reviewed in this court.

[8] 6. The provision of section 7152 supra, that no such judgment shall be rendered until the executor shall first have given 10 days' published notice of the pendency of the action, is not jurisdictional. It is for the benefit of those who hold adversary interests, more particularly local creditors, and can be invoked only by those whose rights might be affected by the omission. Mohr v. Manierre, 101 U. S. 417, 25 L. Ed. 1052. Plaintiff in error was served with process, appeared personally, and presented his defense. In such case no damage could accrue to him from any failure to give this formal notice; but, in any event, his failure to suggest this specific matter to the trial court is fatal to the position now assumed. The exception to the ordering and entering of judgment was baldly general. If it had been specific, the court might, and doubtless would, have delayed entering the judgment until the notice had been published. It was not required to divine all possible formal irregularities from a merely general exception to the entering of judgment. Webb et al. v. National Bank of Republic, 77 C. C. A. 143, 146 Fed. 717, 718; Ogden City v. Weaver, 47 C. C. A. 485, 108 Fed. 564; Wear v. Imperial Window Glass Co., 139 C. C. A. 622, 224 Fed. 60–63.

Finding no substantial error in the record, the judgment of the court below is accordingly affirmed.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes