## HILL v. A. J. CANFIELD CO.
### No. 9063.

Circuit Court of Appeals, Seventh Circuit.

Nov. 13, 1946.

William T. Pridmore, Marion G. Mc-Clelland, and J. Kentner Elliott, all of Chicago, Ill., for appellant.

Paul G. Sullins and Harry A. Sewell, both of Chicago, Ill., for appellee.

Before KERNER and MINTON, Circuit Judges, and HOLLY, District Judge.

MINTON, Circuit Judge.

This was an action for double damages for overtime employment of the plaintiff by the defendant without payment of time and one-half therefor, as provided by Section 7(a) of the Fair Labor Standards Act of 1938.[1] From a judgment for the plaintiff, the defendant appeals.

The plaintiff alleged in his complaint as follows:

"* * * That for a long time prior to October 7, 1943, plaintiff received and was paid a wage of 75 cents an hour for the first 40 hours of work per workweek, and time and a half at the rate of $1.12½ per hour for all hours in excess of 40 hours during each workweek. That beginning October 7, 1943, plaintiff's regular rate of pay was raised by defendant to $1.00 per hour for the first 50 hours of work per workweek, and he was told by defendant that he would be paid $1.00 an hour for each hour in excess of 50 hours of work in each workweek, and that $1.00 would be deducted from $50.00 for each hour of work under 50 hours of work in each workweek.

"* * * Defendant paid plaintiff $50.00 per week during said period, but did not pay plaintiff overtime pay at the rate of one and one-half times his regular rate of pay for all hours in excess of 40 hours per week. * * *"

To establish his rate of pay from October 7, 1943, the plaintiff sought to prove a conversation with the defendant's general manager, Frank Canfield, who as alleged in the complaint had agreed to the change in the plaintiff's pay. When evidence of this conversation was offered at the trial, the defendant objected that Frank Canfield was deceased and based its objection on Section 4, Chapter 51, Ill.Revised Statutes (1945.)[2] The court sustained this objection. Subsequently, over defendant's objection, in answer to questions propounded by his attorney, plaintiff was permitted to testify to conversations which he claimed he had, after Frank Canfield's death, with Frank Canfield's successor-manager, Arthur J. Canfield, in which he related the conversation he claimed he had had with Frank Canfield. Obviously, the plaintiff was incompetent to testify directly regarding the conversation he had had with the deceased manager. The statute of Illinois cited above rendered the plaintiff incompetent to testify to that conversation. Since the statute had closed the plaintiff's mouth to testify directly as to the conversation, the plaintiff will not be permitted indirectly to bring this incompetent evidence to the jury's attention by testifying as to conversations he had with Arthur Canfield, long after the transaction with Frank Canfield was had and he was dead, in which he told Arthur Canfield what Frank Canfield had said to him about his wage rate. The statute should be construed to effectuate and not to defeat its purpose. Foster and Eddy v. Hart, 29 Ill.App. 260.

---

[1] 52 Stat. 1060, 29 U.S.C.A. § 201 et seq.

[2] "* * * and in every action, suit or proceeding a party to the same who has contracted with an agent of the adverse party—the agent having since died —shall not be a competent witness as to any admission or conversation between himself and such agent, unless such admission or conversation with the said deceased agent was had or made in the presence of a surviving agent or agents of such adverse party, * * *."

The plaintiff did not prove on this record the allegations of his complaint without resorting to this incompetent evidence. He contends, however, that the evidence as to his conversation with Frank Canfield to which the court had sustained the defendant's objection was competent because it was elicited by the defendant from the plaintiff on cross-examination. We have carefully read the record, and do not think that such evidence was adduced by the cross-examination of the plaintiff. For the admission of this incompetent evidence, to which the defendant repeatedly objected, the cause must be reversed, and it is so ordered.