WILLIAMS, PLAINTIFF IN ERROR, v. CARR, ADM'R, DE-
FENDANT IN ERROR.

1. PRACTICE—ABATEMENT.
An action does not abate by the death of a party, if the cause survive
    or continue.   In case of the death of a party, the court may, on
    motion, allow the action to be continued by his representative or
    successor in interest.

2. SAME.
An action upon a promissory note commenced by the payee does not
    abate upon the death of the plaintiff, but remains in abeyance a
    reasonable time until a representative can be appointed and quali-
    fied, who may be substituted and the suit proceed to judgment.

3. IMMATERIAL ERROR.
The substitution of foreign executors as plaintiffs in an action com-
    menced by the testate, did not abate the action or prejudice the de-
    fendants unless such irregularity was persisted in, or there was a
    refusal to substitute the proper party.   When the proper party was
    substituted, no advantage could have been taken of the intervening
    mistake.

4. WITNESS—COMPETENCY.
No party to any civil action, suit or proceeding, or person directly inter-
    ested in the event thereof, is competent to testify therein of his own
    motion, or in his own behalf, when the adverse party sues or defends
    as the executor or administrator of a deceased person.

*Error to the District Court of Arapahoe County.*

HON. GEO. W. McCRARY, formerly U. S. circuit judge of
this judicial circuit, on the 13th day of May, 1890, com-
menced suit to recover the balance due upon a promissory
note, of which the following is a copy :

" $2,000.                      DENVER, Colo., April 12, 1884.

" Sixty days after date we, or either of us, promise to pay
to George W. McCrary or order two thousand dollars at the
Colorado National Bank, Denver, Colorado ; with exchange,—
for value received,—with interest at the rate of 10 per cent
per annum after due until paid.   Interest due and payable
semi-annually, and if not paid when due the interest shall
draw the same interest as the principal, and the principal, at

the option of the holder thereof, becomes due. If this note is not paid at maturity the undersigned agrees to pay expenses and costs of collection, including attorney's fees, for the benefit of payee or holder. The makers, indorsers or grantors hereby waive presentment for payment, protest, and notice of protest.        H. CHARLES ULMAN,

"A. J. WILLIAMS."

No service was had on Ulman. On the 15th of September, 1890, th'e death of plaintiff was suggested, and leave asked to substitute Frank E. McCrary and Henry L. McCune, executors of the last will and testament of Geo. W. McCrary; no objection was interposed and the substitution was made on the same day.

On November 27th plaintiff in error filed a motion to dismiss the suit, alleging that the executors McCrary and McCune, who had been substituted as plaintiffs, were appointed and qualified in the state of Missouri, and had no authority to sue and be sued outside of the state of Missouri, and that the court lost jurisdiction upon the substitution of the executors. The motion was denied December 22d, and on January 5, 1891, the defendant Williams answered: First. Setting up the same matters contained in the motion to dismiss. Second. Admitting that although he was, with Ulman, a joint maker of the note, he was in fact only an indorser; that all consideration for the note was received by Ulman, and that Geo. W. McCrary, the plaintiff, had full knowledge of the facts, and that the plaintiff without his knowledge or consent, for a consideration paid by Ulman, extended and postponed the time of payment, by reason of which he was discharged and released. Third. That after the maturity of the note, Ulman delivered to the plaintiff the mining and milling bonds in the complaint mentioned, but not as security as alleged, but that they were delivered by the said Ulman and received by the plaintiff in full payment and discharge of the demand. Fourth. That after the maturity of the note Ulman transferred to the plaintiff $2,000 in bonds (the same mentioned in the complaint) as security for the

payment of the note, and afterwards in June, 1886, the plaintiff without right or authority, and without notice to Ulman and without advertisement or publication, sold the bonds for $1,600; that at the time of such sale the bonds were worth more than the amount due upon the note, etc., etc.

Harry F. Carr having been appointed administrator in this state, on the 9th day of Feb., 1892, applied to the court to be substituted as plaintiff in the place of the foreign executors, which was done.

Plaintiff filed a replication to the answer of defendant Williams.

A trial was had to the court without a jury, a finding for the plaintiff and judgment for $1,650.81.

Messrs. THOMAS, BRYANT & LEE, for plaintiff in error.

Messrs. MARKHAM & CARR, for defendant in error.

REED, J., delivered the opinion of the court.

The first error relied upon in argument was the failure of the court to dismiss the suit because of the death of the plaintiff, and the substitution of the foreign executors and the substitution of the defendant in error, administrator, as plaintiff.

The claim is "That the suit having been commenced in the name of George W. McCrary, upon his death the same abated and could only be revived by his executor or administrator." This position is untenable; the suit did not abate by the death of the plaintiff. Sec. 15 of the Civil Code is as follows: "An action shall not abate by the death or other disability of a party, or by the transfer of any interest therein, if the cause of action survive or continue. In case of the death or other disability of a party, the court, on motion, may allow the action to be continued by, or against his representative or successor in interest * * *."

There is no question that in this class of cases the cause

of action survives; it was not a personal action that abated at the death of the plaintiff; upon the death of the plaintiff the suit would remain in abeyance a reasonable time, until a representative could be appointed and qualified; when that occurred the representative could, upon motion, be substituted, and the suit proceed to judgment.

Admitting that the foreign executors could not be substituted and prosecute the suit and that their substitution was irregular, such proceeding could not abate the suit nor in any way prejudice the defendants unless such irregularity was persisted in, and a refusal to substitute the proper party. Such was not this case. The motion to dismiss was properly denied and the re-substitution of the administrator when appointed being regular, and he the proper plaintiff, no advantage could have been taken of the intervening mistake.

To sustain the defenses pleaded the defendant Williams sued out a dedimus and took the deposition of his codefendant Ulman; it was objected to and the objection sustained, and an exception taken.

In it Ulman testified that the debt for which the note was made was his, or that of his company, who received the proceeds of the note, and that the defendant Williams was a surety. That the note was paid by himself by the bonds sold and delivered to the plaintiff, etc., etc. It is urged that the rejection of Ulman's deposition was error, claiming that Ulman was not a party to the suit, as he was out of the jurisdiction of the court and not served, etc. The objection to the deposition of Ulman was based upon sec. 3641 Genl. Stats., which is as follows: "That no party to any civil. action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of the foregoing section, when any adverse party sues or defends as the trustee or conservator of an idiot, lunatic or distracted person, or as the executor or administrator, heir, legatee or devisee of any deceased person, * * *."

A large part of the argument of plaintiff in error is de-

voted to an attempt to establish the competency of Ulman as a witness and many authorities are cited, but this being a statutory prohibition but little aid can be gained from text writers or state decisions where the statutes are not identical or at least analogous. This section of our statute was taken from that of the state of Illinois, and the language is identical. The statute has been frequently construed in that state adverse to the contention of counsel. See *Lowman v. Aubrey*, 73 Ill. 619; *Whitman v. Rucker*, 71 Ill. 410; *Bragg v. Geddes*, 93 Ill. 39; *Langley v. Dodsworth*, 81 Ill. 86; *Miller v. Craig*, 16 Ill. App. 139; and this state, see *Butler v. Rockwell et al.*, 14 Colo. 138.

That Ulman was not within the jurisdiction of the court served with process, did not relieve him of the status of a defendant, but it will be observed that there is one important feature of the statute apparently overlooked by counsel. The language is " That no *party* to any civil action, suit or proceeding, *or person directly interested in the event thereof*," etc.

If as pleaded by Williams and testified by Ulman, he (Ulman) was the debtor and Williams a surety. If the debt was collected of Williams, Ulman would be liable to him. If as attempted in the deposition of Ulman, the fact was· established that the mining bonds were delivered by Ulman to the plaintiff and by him received in full satisfaction and discharge of the note, this would relieve not only Williams, but himself from all liability or indebtedness;. viewed in any light his legal position is such as to disqualify him under the statute. It follows that the court properly rejected the evidence, and the defendant having no competent evidence to establish his defenses, the judgment was warranted.

Although the statute may, in this instance, and in some others, work a hardship and prevent parties from establishing honest defenses, it is a salutary one and necessary for the protection of estates, widows and minor heirs, who, without some rule of evidence of this kind, would find themselves at the mercy of any unprincipled debtor, and while the rule

need not be unnecessarily extended, it should not be so restricted as to fail in its intention.

The judgment of the district court will be affirmed.

*Affirmed.*