# No. 14,677.

COLORADO NATIONAL BANK OF DENVER, as Executor, et al.
*v.* IRVINE ET AL.

(101 P. [2d] 30)

Decided March 11, 1940.   Rehearing denied April 8, 1940.

Mr. ERNEST B. FOWLER, Mr. ERL H. ELLIS, Mr. MAX D. MELVILLE, Mr. FRED M. WINNER, for plaintiffs in error.

Mr. J. W. KELLEY, for defendants in error.

*En Banc.*

MR. JUSTICE KNOUS delivered the opinion of the court.

IN 1934 L. F. Liebhardt constructed a reservoir upon land owned by him, adjacent to which was property belonging to defendants in error Irvine. In 1935, alleging that their lands had been injured permanently by seepage from the reservoir which was said to have been negligently constructed and maintained, the Irvines, hereinafter designated by name or as plaintiffs, brought an action against Liebhardt to recover damages in the sum of $12,000 therefor. Liebhardt answered denying liability as alleged and as a further defense asserted that Horace G. Day, one of the defendants in error, was the holder of trust deed encumbrances on the Irvine property and consequently was thus an essential party to the proceeding. Day, to whom we shall hereinafter refer as intervener, then filed his complaint in intervention asking damages alleged to have been sustained by him by reason of impairment of his security by the alleged seepage in the amount of $5,000. Liebhardt duly answered the complaint in intervention and the intervener replied. Prior to trial Liebhardt died and shortly thereafter, on motion of the Irvines alone, an order was entered substituting his executor and executrix, plaintiffs in error here, as defendants, by which appellation we shall refer to them, and summons was issued and served upon them. Upon trial, in which plaintiffs, the intervener and the substituted defendants all appeared and participated, a jury found the issues in favor of

plaintiffs and the intervener and assessed their damages in the sum of $9,666.66. Following the verdict plaintiffs assigned to the intervener so much of the amount recovered as would pay in full his loans on the premises of plaintiffs. Subsequently, after disposing of the motion for new trial adversely to the defendants, a judgment was entered which recited, inter alia: "That the plaintiffs, * * * do have and recover of and from defendants the sum of $9,666.66 and their costs in this behalf to be taxed, and that the intervener * * * take nothing by reason of his complaint herein and the verdict of said jury it being the judgment of the Court that the loan held by said intervener on the premises of plaintiffs is sufficiently secured to protect him against loss."

▬ Seeking a reversal of this judgment defendants first contend that as the result of the failure of the intervener individually to move for a revivor, and, notwithstanding plaintiffs' revival of their action in strict conformity with section 15, chapter 1, Code of Civil Procedure, '35 C. S. A., following the death of the original defendant, the trial court erred in permitting the cause to proceed to trial and allowing the intervener to seek judgment against the substituted defendants. We think this contention is without merit.

The action did not abate by reason of Liebhardt's death but because of this circumstance could not be further prosecuted for alleged liability until his legal representatives were substituted as a party defendant as provided by section 15, supra. *National Bank v. Hotchkiss,* 49 Colo. 593, 114 Pac. 310. Until this step was taken the action merely remained in abeyance — *Williams v. Carr,* 4 Colo. App. 363, 36 Pac. 644 — and Liebhardt's personal representatives were not required to take notice of its pendency or defend until they were made

parties thereto. *Symes v. Charpiot,* 17 Colo. App. 463, 69 Pac. 311; *National Bank v. Hotchkiss, supra.* However, when such substitution of parties is made and the legal representatives appear in the action, we perceive no valid reason why an intervener therein, who supports the side of the party bringing about the revival and who originally intervened at the behest of the adverse party, should be required separately to additionally move for a revivor as a condition precedent to the final adjudication of the mutual controversy with the common adversary. No authority holding such action to be necessary is cited.

▬▬▬ Defendants next call attention to the circumstances that although the jury returned a single joint verdict of $9,666.66 in favor of the plaintiffs and intervener, the judgment, pertinent portions of which are hereinabove quoted, was entered in that amount for plaintiffs alone, allowing the intervener nothing. Based upon this situation it is their contention that the judgment did not conform to the verdict, was contrary thereto and that in so entering it the trial court usurped the functions of the jury. Where permanent injury to land is alleged but one cause of action is constituted and all the damages must be assessed in that proceeding. There can be no second recovery where permanent damages have been so assessed. *Middelkamp v. Bessemer Irr. Co.,* 46 Colo. 102, 103 Pac. 280. In accordance with this principle the court informed the jury by Instruction No. 6 "that the measure of damages for the alleged injury to plaintiffs' premises is the difference between the value of the same immediately before said alleged injury and immediately after * * *." By Instruction No. 7 they were told that any verdict returned for the plaintiffs and intervener should "not * * * exceed $12,000", which was the amount of damages sought by plaintiffs' complaint. Instruction No. 7-1/2 recited: "* * * there can be but one recovery of damages in this case by both

plaintiffs and intervener for injury to the land of plaintiffs by the negligence alleged, and such damages, if any are allowed by your verdict, will be apportioned between the plaintiffs and the intervener by the Court as their interests may appear." If any doubt otherwise existed, it is thus certain that the verdict fixing the damages amounted to a single and final award for permanent injury, present and prospective, arising from the seepage of these lands from defendants' reservoir and as to all persons, finally and conclusively proclaimed the extent of the liability of the defendants therefor. Such being the situation it would seem evident that, pertinent as the objection might be if advanced by the *intervener*, the *defendants* can have no litigable concern over the apportionment of the single award between the owner and holder of the encumbrance on the damaged premises. As further disclosing any lack of prejudice to defendants in this particular, it may be mentioned that should we remand the case with specific directions to the trial court to enter judgment so as to specifically award to the intervener the amount due him as holder of the encumbrances, with balance to plaintiffs, the defendants still would be liable for the precise amount due under the judgment entered. The making of such an order by us, if not obviated by the absence of complaint from the intervener, in any event is rendered unnecessary by the fact that plaintiffs already have assigned so much of the recovered judgment as will accomplish this result.

It was conceded that at the time of trial intervener's encumbrances on plaintiffs' lands with interest amounted to $8,793.24. Urging that the mentioned language in the judgment to the effect that the indebtedness of the intervener was sufficiently secured to protect him against loss was tantamount to a finding by the court that the land in its damaged state was worth the amount of the $8,793.24 lien, the defendants claim that the verdict was excessive. To demonstrate, they adopt the latter figure

as the present value of the land and add to it $9,666.66, the amount of the verdict, and judgment awarded plaintiffs alone, as representing the depreciation and arrive at the sum of $18,459.90 as the value of the land undamaged, which is $3,459.90 more than the $15,000.00 plaintiffs and intervener alleged such value to be. Thus counsel for defendants say the verdict exceeded any possible proper award by more than $3,400.

Manifestly this supposition is not warranted. In the first place the judgment does not state that at the time of its entry the indebtedness of the intervener *was amply secured by trust deed on the damaged land.* It merely recites that "* * * the loan held by the said intervener on the premises of plaintiffs is sufficiently secured to protect him against loss." In so stating the court undoubtedly considered that the indebtedness owing the intervener then was secured not only by the land but by the partial assignment of damages as well. Further, any intention on the part of the trial court to import by the questioned recitals, what defendants would infer, is discounted by the circumstance that on the very day the judgment was entered the trial court overruled a motion for new trial in which one of the grounds urged was that the verdict was excessive.

The judgment is affirmed.

MR. JUSTICE YOUNG, MR. JUSTICE OTTO BOCK and MR. JUSTICE BURKE concur.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE FRANCIS E. BOUCK dissent.

MR. JUSTICE BAKKE not participating.