No. 19,269.

JEAN ESTHER CORTVRIENDT *v.*
RAYMOND HONRIE CORTVRIENDT.
(361 P. [2d] 767)

Decided May 8, 1961. Rehearing denied May 29, 1961.

Mr. WILLIAM D. HOLLAND, for plaintiff in error.

Mr. EDWARD A. JERSIN, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MCWILLIAMS.

THE parties appear here in the same order as they appeared in the trial court and we will refer to them as they there appeared.

Plaintiff sued defendant for divorce and on May 10, 1957, obtained a non-contested interlocutory decree, in which, inter alia, plaintiff was designated to act as receiver for all properties of the parties. Final decree was entered on November 12, 1957, and on the same day a hearing was commenced on the division of property of the parties. The hearing, not being completed on that date, was continued to November 22, 1957, at which time it was concluded and the trial court entered a written order in connection therewith. The present dispute involves disposition of two items of real property, namely the family home referred to as the Arvada property, and what will be referred to as the Broadway property, such being commercial property located at 2013-2019 South Broadway in Denver. In its order of November 22, 1957, the trial court awarded a "life estate" in the Arvada property to plaintiff with the "remainder after said life tenancy" vesting in the minor son of the parties. As to the Broadway property the court decreed that it should be held by plaintiff and defendant as tenants in common. It further ordered that plaintiff continue to act as

receiver or manager for the Broadway property and "account for all income and expenses." More specifically she was directed to collect the rentals, make the necessary repairs, pay taxes, and the like, the balance of any funds remaining to be equally divided between the parties. Provision was also made in the order for eventual sale of the Broadway property, if deemed advantageous, directing that encumbrances on said property would be paid from the proceeds of any such sale and the balance, or deficiency, equated between the parties.

Sometime prior to October 15, 1958, plaintiff determined that it would be advantageous to sell the Broadway property and to that end engaged a real estate firm to find a purchaser. A buyer was located but defendant refused to join in a conveyance of the property. Faced with this impassé plaintiff by appropriate motion caused a hearing to be held in connection with the proposed sale of the Broadway property. This hearing was held on October 15, 1958. Although a transcript of that hearing is *not* contained in the record before us, it is agreed, however, that at the conclusion thereof the trial court by order authorized the wife as receiver to sell the Broadway property for $32,000, and to effectuate the transaction directed defendant to execute a quitclaim deed to the premises in favor of the buyer. Additionally the trial court found that the "net equity of defendant in the above described premises [Broadway property] is $10,018.53," and ordered that plaintiff pay defendant that sum. Neither party moved for a new trial nor made any effort to have this order reviewed by writ of error. Defendant in compliance with the order executed a quitclaim deed to the purchaser of the Broadway property and the sale was consummated for $32,000. Plaintiff, however, failed to pay defendant the sum of $10,018.53 as ordered by the trial court. When defendant sought to enforce the order of October 15, 1958, plaintiff on March 26, 1959, filed two motions in the trial court, one seeking amendment of the order of November 22, 1957, so as to

award the Arvada property to the plaintiff in fee simple. This motion was granted on April 14, 1959. The second motion sought an order vacating the order of October 15, 1958, for the assigned reason that it was in "direct conflict" with the order of November 22, 1957; and that in entering the order of October 15, 1958, the trial court misapprehended the facts and by reason thereof the order is oppressive, burdensome and inequitable to the plaintiff. This motion was heard and denied on October 26, 1959. By this writ of error plaintiff ostensibly seeks to review the action of the trial court in denying her motion to vacate, but in so doing actually seeks to review the order of October 15, 1958.

The only question to be determined is whether the trial court erred in denying plaintiff's motion to vacate the order of October 15, 1958. As pointed out above the plaintiff filed no motion for a new trial with respect to this order, nor did she seek review thereof by writ of error. It is noted that plaintiff in her motion to vacate did not claim that the court lacked jurisdiction to hear and determine the plaintiff's motion upon which the order of October 15, 1958, was entered. None of the grounds prescribed by Rule 60, R.C.P. Colo., upon which a party may be relieved from a final judgment or order is urged in plaintiff's motion to vacate, hence no abuse of discretion in denying such motion can be shown. If, as appears to be the case, plaintiff hopes by this means to obtain a review of the order of October 15, 1958, as to which no writ of error may now issue, her hope is in vain. This motion to vacate is simply not reviewable by writ of error. See *Miller v. Buyer,* 77 Colo. 329, 236 Pac. 990, where the Court said:

"The plaintiff in error has not attempted to have the final judgment of November 16, 1920 reviewed. Indeed the time therefor had long passed when he filed his motion to vacate. He seeks, however, to accomplish a review of the final judgment, contrary to the doctrine of this court, by suing out a writ of error to a nonfinal or-

der in a subsequent proceeding in the same case. In other words, though the writ of error here is to a non-reviewable order entered in the same case in a proceeding therein subsequent to final judgment, plaintiff in error asks to have therein the preceding final judgment itself reviewed after the statutory time for writ of error thereto has elapsed. That cannot be done."

To the same effect see *Van Dyke v. Fishman,* 77 Colo. 333, 236 Pac. 992.

In short, once a valid judgment is entered the only means by which the trial court may thereafter alter, amend or vacate the judgment is by appropriate motion under either Rule 59 or 60, R.C.P. Colo. Plaintiff filed no motion for a new trial or motion to alter or amend the judgment as permitted by Rule 59, R.C.P. Colo. Nor did she in her motion to vacate urge any of the grounds set forth in Rule 60, R.C.P. Colo. Such being the case the denial of plaintiff's motion to vacate is not reviewable here and the writ of error must be dismissed.

MR. JUSTICE MOORE and MR. JUSTICE SUTTON concur.