No. 20700.

JEAN ESTHER THOMAS, ETC., *v.* HAROLD BRAY, AS SHERIFF OF JEFFERSON COUNTY, ET AL.

(400 P.2d 679)

Decided March 29, 1965.     Rehearing denied April 19, 1965.

CAIN, HOLLAND, MILLER and TOBEY, AVERILL C. JOHNSON, for plaintiff in error.

EDWARD A. JERSIN, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE SUTTON.

THIS action is an attempted collateral attack on the judgment which was affirmed by our dismissal of the writ of error in *Cortvriendt v. Cortvriendt,* 146 Colo. 387, 361 P.2d 767 (1961). The history of the domestic rift and the property dispute involved between the two Cortvriendts appears in that opinion and need not be repeated here.

Mrs. Cortvriendt remarried after her divorce from Mr. Cortvriendt and is now Jean Esther Thomas. It appears that she continued to defy the order of the trial court to pay Mr. Cortvriendt the sum of $10,018.53 after the above decision was rendered; in fact, at a subsequent stage, she sought relief again in this court by an attempted Original Proceeding in the nature of prohibition which was denied. Her ground then and in the present writ of error is that she asserts that the judgment of 1958 was void because of alleged lack of jurisdiction of the trial court over the subject matter at the time the order to pay the above sum was entered.

The present action arose because Mr. Cortvriendt, understandably being determined to have the fruits of his victory, sought to levy on Mrs. Thomas' home in order to enforce his judgment. Mrs. Thomas then sought and obtained in the trial court on her affidavit, without notice, a Temporary Restraining Order against Harold Bray, the sheriff, who was to execute the levy, and against Mr. Cortvriendt. Shortly thereafter, the matter was heard as to whether a preliminary injunction should issue. Subsequently, the trial court denied further relief, dissolved its previous Order, and admonished counsel "not [to] annoy the Courts" with matters that have

already been settled. It is that Order that Mrs. Thomas seeks to have reversed by this writ of error.

We have examined the records and briefs in this current action and we have also reviewed our decision in the first *Cortvriendt* case. It is our considered opinion that the action of the trial court was eminently correct. We need only point out that the same facts are involved in this action as in Mrs. Thomas' previous abortive review proceedings. The time has long since expired to challenge the judgment unless it in fact is void and counsel erroneously labeling it such does not make it so. An attack under such a guise on a matter that is final and res judicata has no standing in the courts.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE McWILLIAMS concur.