478 P.2d 711 (1970)
Eulola Marie SARNO, Plaintiff-Appellee,
v.
Frank J. SARNO, Substituted Defendant Executor of the Estate of Philip Sarno, Substitute party based on Court Order upon Suggestion of Death of primary defendant, Defendant-Appellant.
No. 70-178.
Colorado Court of Appeals, Div. I.
October 27, 1970.
Rehearing Denied November 17, 1970.
Certiorari Denied January 18, 1971.
*712 Milton C. Garwood, Denver, for plaintiff-appellee.
Don B. Oliver, Denver, for defendant-appellant.
Selected for Official Publication.
DUFFORD, Judge.
Appellant is a substituted defendant for Philip Sarno, who was a party to a divorce action brought by his wife, who is appellee here.
Appellee was granted a non-contested decree of divorce on August 25, 1969. On December 12, 1969 (nunc pro tunc December 8, 1969), the trial court entered its written order dividing the personal property of the husband and wife, ordering the payment of alimony and providing that the family home, which was then held in joint tenancy by the divorced parties, be sold and the proceeds equally divided between the parties. On December 17, 1969, appellee filed a motion to modify and clarify the trial court's order insofar as it concerned the sale of the home. Philip Sarno, the husband, died on January 1, 1970. The appellee filed a motion on January 15, 1970, as a supplement to her motion of December 17, and in her supplemental motion asked that the trial court's order of property settlement be modified to grant her full ownership of the home. The trial court by order of February 19, 1970, vacated its order of December 8 insofar as it directed sale of the home, and vested the title in appellee. It is from these orders that appellant has appealed, asserting that the trial court could not modify its judgment dividing property after the death of the husband and without the appellee's having followed the procedures of seeking a new trial.
The arguments advanced by appellant overlook the provisions of R.C.P. Colo. 62(a) and of R.C.P.Colo. 59(e). Under the provisions of R.C.P.Colo. 62(a), a judgment of the type entered by the court as of December 8 is automatically stayed and unenforceable for a period of ten days following its entry. R.C.P.Colo. 59(e) specifies that a party may move to alter or amend a judgment by a motion filed not later than ten days after entry of judgment. In this case appellee filed such a motion within the allotted time, and the trial court subsequently did amend its judgment pursuant to such motion and the supplemental motion. Under these circumstances, the trial court's judgment entered as of December 8, 1969, never became final. 6A J. Moore, Federal Practice ¶ 59.12, at 3875 (2d ed.). It was not enforceable by either divorced party with respect to his or her property rights. It did not create an enforceable right either in the husband or in *713 his estate to take a divided share of the joint tenancy property.
The trial court's order of December 8, 1969 being without any finality, we next examine the validity of its final order of February 19, 1970. At the outset, it should be noted that the trial court retained jurisdiction of the controversy between these parties as to matters affecting their property rights following the death of Philip Sarno. 27A C.J.S. Divorce § 100.
The factual background upon which the final order was entered is that the wife had contributed her own funds to the purchase of the family home. There was a comparatively small amount of property owned by the parties. The wife was left without any right to receive alimony payments. Considering these circumstances, we do not feel the trial court abused its discretion in awarding the jointly owned home to the wife in its final order. Nunemacher v. Nunemacher, 132 Colo. 300, 287 P.2d 662.
The judgment is affirmed.
SILVERSTEIN, C. J., and COYTE, J., concur.