## No. 27190

**Vicky M. Hubbard, Daughter and Heir and Devisee under the Will of Archie L. Hubbard, deceased; Gary L. Hubbard, Personal Representative of the Estate of Archie L. Hubbard, deceased v. The District Court in and for the County of Arapahoe, State of Colorado, and Marcus O. Shivers, Jr., and Richard D. Greene, Judges thereof**

(556 P.2d 478)

Decided November 15, 1976.                    Rehearing denied December 6, 1976.

Henry and Henry, James C. Henry, for petitioner Vicky M. Hubbard.

Head, Moye, Carver & Ray, Craig R. Carver, for petitioner Gary L. Hubbard.

Epstein, Lozow and Preblud, P.C., Arlan I. Preblud, for respondent The Honorable Richard D. Greene.

The Honorable Marcus O. Shivers, Jr., respondent pro se.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

This is an original proceeding in which petitioners seek relief in the nature of prohibition against an order of the respondent district court of Arapahoe County and two of its judges. We ordered respondent District Judge Greene to show cause why his order setting aside a decree of dissolution between Archie and Ruth Hubbard should not be quashed. We also ordered respondent District Judge Shivers to show cause why he should not grant the substitution motion of the personal representative of the late Archie Hubbard, in a pending matter between the Hubbards relating to the entry of permanent orders on their marital property. Responses have now been filed together with briefs on behalf of all parties. We now make the rule absolute with regard to Judge Greene and discharge the rule as against Judge Shivers.

On November 9, 1972, Ruth Hubbard filed an action in the respondent district court for the dissolution of her marriage to Archie Hubbard.[1] On April 25, 1973, respondent Judge Greene entered a decree dissolving the marriage and also ordered the entry of "interim permanent orders" relating to marital property. The decree and the orders were signed by both parties. The interim permanent orders directed that several liabilities be paid and that certain property be sold and that its proceeds be divided later after consideration by the respondent court. Subsequently, Archie Hubbard filed a timely motion for a new trial, but only as to the interim permanent orders.

After a hearing, permanent orders were entered on July 3, 1973. On August 9, 1973, by agreement of the parties, a new trial was granted as to the permanent orders only. No mention was made of the decree of dissolution by either of the parties or by the court. Ruth Hubbard immediately began and has continued to use her maiden name, as restored to her by the dissolution decree. The case was thereafter assigned to respondent Judge Shivers.

On December 15, 1975, Archie Hubbard died and his counsel filed a suggestion of death in respondent Judge Shivers' court. On January 6, 1976, Vicky Hubbard, as special administrator of the decedent's estate, filed a motion to allow her substitution in the pending suit on the marital property.

Prior to a ruling by Judge Shivers on this substitution motion, Ruth Hubbard filed a motion to vacate the decree of dissolution. A hearing was had before respondent Judge Greene on the motion at which counsel for decedent (who was also counsel for the special administrator, Vicky Hubbard) did not take part in the argument, although he was present in the courtroom.

Judge Greene granted the motion and set aside the dissolution decree. He ruled that the new trial on the issue of permanent orders necessarily vitiated the underlying decree of dissolution. He interpreted the law[2] in effect at the time of the commencement of the dissolution proceedings as making permanent orders a prerequisite to the entry of dissolution decree, provided the court had the necessary jurisdiction over such matters. Consequently, he concluded that the parties, by agreeing to a new hearing as to permanent orders, implicitly and necessarily consented to the withdrawal of the dissolution decree. The practical effect of the judge's ruling was to make Ruth Hubbard the surviving owner of certain joint tenancy property, thereby disinheriting Archie Hubbard's issue who were from an earlier marriage.

---

[1] Pursuant to 1971 Perm. Supp., C.R.S. 1963, 46-1-7.

[2] 1971 Perm. Supp., C.R.S. 1963, 46-1-6(1)(d).

Vicky M. Hubbard, as special administrator of Archie Hubbard's estate and as one of his heirs and devisees, brought this original proceeding to challenge the jurisdiction of the district court in vacating the decree of dissolution. She also sought relief from its failure to act on her substitution motion. Gary L. Hubbard has now replaced her as the decedent's personal representative in this action.

## I.

Respondents assert that the petitioners waived any objection to the jurisdiction of the district court when counsel for Vicky M. Hubbard refused to make an appearance at the hearing on the motion to vacate the dissolution decree. However, Judge Shivers had not yet ruled on the substitution motion and she was therefore not a party to the proceedings.

Under such circumstances, petitioners can properly challenge the jurisdiction of the district court via this original proceeding. A personal representative is not required to take notice of the pendency of an action or to defend against it until she is made a party thereto. *Colorado National Bank of Denver v. Irvine*, 105 Colo. 588, 101 P.2d 30 (1940). Not having been made a party, petitioner was not obliged to make an appearance at the hearing and she subsequently had no remedy by appeal of the judgment of the district court. Her only plain, speedy, and adequate remedy is by recourse to the original jurisdiction of this court. *See, e.g., Short v. District Court*, 147 Colo. 52, 362 P.2d 406 (1961).

## II.

The respondents contend that the district court properly ruled that 1971 Perm. Supp., C.R.S. 1963, 46-1-6(1)(d), prior to its amendment,[3] made the entry of permanent orders as to marital property a prerequisite to the granting of decree of dissolution. As a result, when a new trial was granted on the permanent orders, respondents argue that the district court properly held that the decree of dissolution was automatically vitiated.

Respondents' position overlooks the fact that permanent orders *were* entered pursuant to the decree of dissolution. Consequently, even under respondents' interpretation of the statute, the trial court complied with the statute when it decreed the dissolution of the marriage between the parties and entered permanent orders. The subsequent new trial on the permanent orders did not, therefore, affect the validity of the dissolution decree, which was never put at issue in the motion or order for new trial, and whose continued vitality was never questioned by the parties as evidenced by their conduct.

1971 Perm. Supp., C.R.S. 1963, 46-1-20, states that a decree of dissolution is final when entered, and that the provision of the decree

---

[3] Section 14-10-106, C.R.S. 1973, now expressly permits the court to defer a decree with respect to marital property until after the decree of dissolution of marriage.

that dissolves the marriage is not affected by an appeal on issues other than on the finding that the marriage is irretrievably broken. Section 46-1-20(1) provides:

"A decree of dissolution of marriage or of legal separation is final when entered, subject to the right of appeal. An appeal from the decree of dissolution that does not challenge the finding that the marriage is irretrievably broken does not delay the finality of that provision of the decree which dissolves the marriage beyond the time for appealing from that provision, so that either of the parties may remarry pending appeal."

Similarly, when the parties challenge only the permanent orders relating to marital property in their motions for new trial, that portion of the decree dissolving their marriage remains unaffected and becomes final at the expiration of the time within which the parties can move for a new trial on that issue.[4] In this case, the district court no longer had jurisdiction to set aside the dissolution decree after the parties failed to file a timely motion for a new trial on whether the marriage was irretrievably broken. *Cf., Walter v. Walter*, 136 Colo. 405, 318 P.2d 221 (1957); *Niles v. Shinkle*, 119 Colo. 458, 204 P.2d 1077 (1949).

The rule to show cause with respect to respondent Judge Greene is therefore made absolute. The case is remanded to the respondent district court for reinstatement of the dissolution decree and for further proceedings as may be required to distribute and divide the marital property of the Hubbards. Because respondent Judge Shivers never had an opportunity to rule on the petitioners' substitution motion, we discharge the rule to show cause with respect to him as premature.

Rule made absolute in part and discharged in part.

MR. JUSTICE LEE does not participate.

---

[4] 1971 Perm. Supp., C.R.S. 1963, 46-1-5 (now section 14-10-105, C.R.S. 1973), makes the rules of civil procedure applicable to all dissolution of marriage actions, unless otherwise specifically provided. We therefore note that our ruling is consistent with C.R.C.P. 59(a) which permits a new trial to be granted "on all or a part of the issues" covered by the court's earlier judgment.