Larry **KOCH**, Petitioner.

v.

**DISTRICT COURT, JEFFERSON COUNTY, Respondent.**

No. 97SA254.

Supreme Court of Colorado, En Banc.

Nov. 3, 1997.

District Court ("the district court") vacating a decree of dissolution of marriage and permanent orders. We issued a rule to show cause why the relief requested should not be granted. We now hold that the district court exceeded its jurisdiction by ordering, sua sponte, a new trial on all issues of this dissolution proceeding because the district court acted outside the time limits mandated by C.R.C.P. 59(c) to initiate such post-trial relief and failed to state adequate grounds for a new trial as required by C.R.C.P. 59(c) and (d). We also hold that under the circumstances of this case, the order vacating the decree of dissolution contravened the finality required by our statutes and case law and constitutes reversible error. Accordingly, we make the rule absolute and direct the district court to reinstate the decree of dissolution and the permanent orders and to rule on the posttrial motions filed by the parties.

I.

Larry and Lynn Koch ("the husband" and "the wife") married in 1972 and had four children. In 1994, the wife filed an action in the district court for dissolution of the marriage. On November 22, 1996, in open court, the district court found that the marriage was irretrievably broken, entered a decree of dissolution, and decided permanent orders regarding custody, child support, maintenance, and property division. The district court instructed the wife's attorney to draft a written order within thirty days.

Disputes arose between the parties concerning the language for the written order, and the wife requested that the court incorporate a transcript of the court's oral order of November 22, 1996 as the order of the court. The court consented to this arrangement on March 5, 1997.

J. Terry Wiggins, Karsh & Fulton, Denver, for Petitioner.

James D. Zimmerman, Judge, Jefferson County District Court, Golden, for Respondent.

Justice BENDER delivered the Opinion of the Court.

The petitioner, Larry Koch, brought this original proceeding under C.A.R. 21 seeking relief in the nature of mandamus to correct an order issued by the Jefferson County

On March 20, 1997, the wife filed a request for enlargement of time until April 4, 1997 to file post-trial motions. The district court granted the motion. On April 4, 1997, the wife filed a motion to alter or amend the judgment under C.R.C.P. 59,[1] and a motion

---

1. The wife's motion contained three claims for relief. The first claim involved a lump sum that the court required the husband to pay to the wife

within two years of the order, to be secured by the husband's retirement account. The wife requested that the lump sum be secured by a bond

to clarify the child support and maintenance orders.[2]

On April 18, 1997, the husband filed a motion for an extension of time until May 2, 1997 to respond to the wife's motions. The district court granted the motion. On April 29, 1997 the husband filed a response to the wife's motion to alter or amend the judgment, and on May 1, 1997, he filed a response to the wife's motion for clarification of the child support. Also on May 1, 1997, the husband filed a motion requesting clarification of the personal property division.[3]

On May 9, 1997, the wife filed replies to the husband's responses. In addition, she responded to the husband's motion for clarification of personal property division.

Despite the numerous post-trial motions filed, neither party requested a new trial on the issues or challenged the decree of dissolution on any grounds.

On May 14, 1997, the district court entered an order pursuant to C.R.C.P. 59(c) vacating the decree of dissolution and the permanent orders and ordering, *sua sponte*, a new trial on all issues in the dissolution proceeding. The court stated that because the post-trial motions requested some type of amendment to the court's findings and judgment, that the motions fell within the ambit of C.R.C.P. 59 and that the district court was authorized to "grant any of the relief set forth in C.R.C.P. 59(c)." The district court stated that a new trial on permanent orders was appropriate because the parties were "generally dissatisfied with the Court's orders and because all permanent orders are interrelated." The

district court then ruled that a new trial on the entry of the decree of dissolution was also necessary because, citing section 14–10–106, 5 C.R.S. (1997), the decree and the permanent orders could only be separated upon a finding that such separation was in the best interests of the parties, and neither party had made such a showing.[4]

The husband and the wife filed motions requesting the court to rule on their respective post-trial motions rather than ordering a new trial. The district court denied those motions, stating, "If the parties want new temporary orders, they need to contact the magistrate in Division R." The husband then petitioned this court for a writ of mandamus compelling the district court to reinstate the decree of dissolution and the permanent orders. We issued a rule to show cause why the relief requested should not be granted. We now make the rule absolute.

## II.

The husband contends that under the facts of this case, the district court's *sua sponte* order for a new trial did not comport with the requirements of C.R.C.P. 59 because (1) the district court abused its discretion by failing to state adequate grounds under C.R.C.P. 59(d) as required by C.R.C.P. 59(c); and (2) the district court exceeded its jurisdiction by acting out of time under C.R.C.P. 59(c).

■ A decree of dissolution of marriage is final when entered, subject to the right of appeal. *See* 14–10–120(1), 5 C.R.S. (1997); *Estate of Burford v. Burford,* 935 P.2d 943,

---

instead because section 13–54–102(1)(s), 5 C.R.S. (1997), specifically exempts retirement accounts from attachment or execution. Second, the wife contested the district court's order that maintenance terminate in seven years, and requested lifetime maintenance, relying on *In re Marriage of Folwell,* 910 P.2d 91 (Colo.App.1995) (stating that a district court's determination of maintenance must not be based on speculation, but limited to a consideration of facts in existence at the time of the order). Third, the wife requested reconsideration of the district court's ruling that the husband would not be required to maintain life insurance to secure the child support and maintenance. Due to minor technical discrepancies, the wife filed an amended version of this motion on April 7, 1997.

2. The parties disagreed as to the date that the husband's payments were to begin.

3. The husband requested clarification that he was authorized to remove tools from the family home.

4. Section 14–10–106, 5 C.R.S. (1997), provides that "[i]n connection with every decree of dissolution of marriage and to the extent of its jurisdiction to do so," the court shall enter permanent orders. However, permanent orders "may be deferred by the court until a time subsequent to the decree of dissolution of marriage upon a finding that such deferral is necessary in the best interests of the parties."

953 (Colo. 1997). Upon the entry of a valid judgment, the only means by which the district court may alter, amend, or vacate the judgment is by appropriate motion under either C.R.C.P. 59 or C.R.C.P. 60. *See Cortvriendt v. Cortvriendt,* 146 Colo. 387, 390, 361 P.2d 767, 768 (1961).

C.R.C.P. 60(b) allows a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. We have narrowly interpreted this "other reason" clause to refer to extraordinary and extreme circumstances to avoid undercutting judgments unduly. *See Canton Oil v. District Court,* 731 P.2d 687, 694 (Colo.1987).

C.R.C.P. 59[5] permits a new trial on one of following six grounds: (1) an irregularity in the proceedings which deprived a party of a fair trial; (2) misconduct of the jury; (3) accident or surprise which could not have been prevented through ordinary prudence; (4) newly discovered evidence which could not, with reasonable diligence, have been discovered and produced at trial; (5) excessive or inadequate damages; or (6) error in law. If a trial judge's stated reasons for ordering a new trial under C.R.C.P. 59(c) are not among those enumerated within the rule, then the order for a new trial constitutes an abuse of discretion and should be reversed. *See DeMott v. Smith,* 29 Colo.App. 531, 536, 486 P.2d 451, 454 (1971).

C.R.C.P. 59 and C.R.C.P. 60 differ in that a motion under C.R.C.P. 59 suspends both the finality of the judgment, *see Sarno v. Sarno,* 28 Colo.App. 598, 600, 478 P.2d 711, 712 (1970), and the time for the filing of an appeal from the judgment, *see Stone v. People,* 895 P.2d 1154, 1155 (Colo.App.1995), while a motion under C.R.C.P. 60(b) does not, *see* C.R.C.P. 60(b). Because the filing of a motion under C.R.C.P. 60(b) does not affect the finality of the judgment, the deadline to request relief under this rule is flexible, requiring the parties to move for relief within a "reasonable time" after the judgment.[6] By contrast, a motion under C.R.C.P. 59 delays the finality of a judgment and creates uncertainty as to the legal status of the parties. Therefore, the parties must file motions for relief under C.R.C.P. 59 within fifteen days of the entry of the judgment. *See generally* James W. Moore, 12 *Moore's Federal Practice* 5 60.03[4]. The time restrictions of C.R.C.P. 59 are intended to eliminate the problem of post-trial delay at the trial level before appellate proceedings. *See Canton Oil,* 731 P.2d at 693.

C.R.C.P. 59(a) authorizes the court to extend the fifteen day deadline to "such greater time as the court may allow." The district court has sixty days to rule upon motions filed by the parties for relief under C.R.C.P. 59. *See* C.R.C.P. 59(j). The district court must rule within sixty days of the filing of a motion for post-trial relief, or the motion is deemed denied. *See id.* Additionally, C.R.C.P. 59(c)[7] allows the court to order a

---

5. C.R.C.P. 59(a) provides in pertinent part:
   Within 15 days of entry of judgment as provided in C.R.C.P 58 or such greater time as the court may allow, a party may move for post-trial relief including:
   (1) A new trial of all or part of the issues;
   (2) Judgment notwithstanding the verdict;
   (3) Amendment of findings; or
   (4) Amendment of judgment.
   Motions for post-trial relief may be combined or asserted in the alternative. The motion shall state the ground asserted and the relief sought.

6. However, motions requesting relief from judgment under C.R.C.P. 60 must be filed within six months of judgment if the movant requests relief on the grounds of mistake, inadvertence, surprise, excusable neglect, fraud, misrepresentation, or misconduct of an adverse party. *See* C.R.C.P. 60(b).

   We note that an order granting relief under C.R.C.P. 60(b) does destroy the finality of the judgment, and that such relief is appropriate only in "extraordinary circumstances." *Southeastern Colo. Water Conservancy Dist. v. O'Neill,* 817 P.2d 500, 505 (Colo.1991).

7. C.R.C.P. 59(c) provides:

new trial *sua sponte*. However, the court must act within the time allowed the parties because at the end of this period, the district court no longer has jurisdiction to grant post-trial relief under C.R.C.P. 59. *See Hubbard v. District Court*, 192 Colo. 98, 102, 556 P.2d 478, 481 (1976) (where neither the parties nor the court questioned within the allotted time that the marriage was irretrievably broken, the district court lost jurisdiction).

### III.

■ Applying these principles to this case, the district court's stated reasons for granting a new trial under C.R.C.P. 59 was that the parties were "generally dissatisfied with the Court's orders and because all permanent orders are interrelated." The district court articulated no grounds related to C.R.C.P. 59 that might be construed to support a finding of irregularity in the proceedings, accident or surprise, newly discovered evidence, excessive or inadequate damages or error in law necessary to support an order for a new trial. *See* C.R.C.P. 59(d). The plain language of C.R.C.P. 59(c) requires a district court to "specify the grounds for such action" at the time of the *sua sponte* order. C.R.C.P. 59(c). This was not done. The district court's stated reasons for granting a new trial do not fall within the scope of legal grounds enumerated in C.R.C.P. 59(d). Consequently, we hold that the district court abused its discretion in ordering a new trial on all issues and we reverse the order.

■ We turn to the husband's assertion that the district court exceeded its jurisdiction by acting out of time. The district court entered the decree of dissolution and permanent orders on November 22, 1996, but it was not until March 5, 1997 that the district court incorporated the transcript as the order of the court. The deadline to file post-trial motions was March 20, 1997. The district court granted the wife's motion to extend the deadline to April 4, 1997. The date of April

4, 1997 then became the last date for the parties to file post-trial motions under Rule 59. This date, April 4, 1997, was also the deadline for the district court to enter *sua sponte* orders for post-trial relief under this rule because the district court's authority to order such relief *sua sponte* is limited to the time period within which the parties themselves can request such relief. *See* C.R.C.P. 59(c). Consequently, on April 4, 1997, the district court lost jurisdiction to enter any *sua sponte* orders for post-trial relief under C.R.C.P. 59. See *Hubbard*, 192 Colo. at 102, 556 P.2d at 481 (district court loses jurisdiction to grant post-trial relief *sua sponte* under Rule 59 at the expiration of the time for the parties to request relief under this rule).

Had either party made a timely request for a new trial, the district court could have granted the request so long as this was accomplished within sixty days of the filing of the request. *See* C.R.C.P. 59(j). However, because neither party requested a new trial, the district court's authority to order a new trial expired on April 4, 1997. By ordering a new trial *sua sponte* on May 14, 1997, after the expiration of the time for the parties to file motions for post-trial relief under C.R.C.P. 59, the district court exceeded its jurisdiction. Accordingly, the order for a new trial must be reversed for a lack of jurisdiction under C.R.C.P. 59(c).

### IV.

■ Trial judges should correct irregularities in the proceedings or other errors that may affect the fairness of the proceedings and should grant post-trial relief to address these issues. Permanent orders in dissolution cases have an enormous impact on the lives of the parties. Issues of valuation and distribution of the marital estate, determination of maintenance, child support and living arrangements for the children of the marriage are interrelated, emotionally charged,

Within the time allowed the parties and upon any ground available to a party, the court on its own initiative may:

(1) Order a new trial of all or part of the issues;

(2) Order judgment notwithstanding the verdict;

(3) Order an amendment of its findings; or

(4) Order an amendment of its judgment. The court's order shall specify the grounds for such action.

and sometimes difficult to decide. Dissolution cases, by their very nature, often present situations where the need for post-trial relief to clarify, to modify, or to enter additional orders is necessary to achieve fairness given the sometimes conflicting needs and lives of the parties.

In this case, the district court, rather than addressing issues raised by the parties in their requests for post-trial relief, resolved the disagreements by painting with a broad brush and granting a new trial on all issues in the dissolution. When it did so, it vacated the decree of dissolution, causing the parties to believe that they were not divorced when they thought they had been divorced for a period of six months. Here, there are no facts before us to indicate that either party was forced to undergo undue hardship because of the lack of clarity concerning their marital status. However, uncertainty created by vacating the decree of dissolution may cause numerous difficulties. Parties who are granted a decree of dissolution are entitled to rely on this change in marital status and to move forward with their lives. In this case, the order vacating the decree occurred when the time to challenge the validity of the dissolution on appeal had elapsed and there existed no claimed jurisdictional defect. *See* 14–10–120(1), 5 C.R.S. (1997) ("A decree of dissolution ... is final when entered, subject to the right of appeal."); *Estate of Burford v. Burford*, 935 P.2d 943, 954 (Colo.1997). Hence, the district court's order vacating the decree of dissolution in the circumstances of this case contravened the finality required by our statutes and by our case law and constitutes reversible error.

## V.

For reasons stated in this opinion, we direct the district court to reinstate the decree of dissolution and the permanent orders, and we direct the district court to rule upon the posttrial motions filed in this case. The district court may conduct additional hearings on the issues raised by the post-trial motions if in its discretion it determines that such hearings are necessary and appropriate.