In re the Marriage of Richard L.
WALKER, Jr., Appellee,

and

Lucy V. WALKER, Appellant.

Nos. 09CA0510, 09CA0772, 09CA0773.

Colorado Court of Appeals,
Div. VII.

Sept. 15, 2011.

Walter H. Sargent, PC, Walter H. Sargent II, Colorado Springs, Colorado; William H. Kirkman, Jr., P.C., William H. Kirkman, Jr., Colorado Springs, Colorado, for Appellee.

Norman B. Beecher, PC, Norman B. Beecher, Aurora, Colorado, for Appellant.

Opinion by Judge FURMAN.

In this post-dissolution of marriage proceeding between Lucy V. Walker (wife) and Richard L. Walker, Jr. (husband), wife appeals from the order denying her C.R.C.P. 59 motion. We dismiss the appeal.

■ The present case was consolidated with two additional appeals initiated by wife and docketed in this court as 09CA0772 and 09CA0773. Because wife concedes that the issues raised in those appeals are moot, we dismiss them. Although wife requests dismissals without prejudice, she provides no argument or authority in support of that result under the circumstances presented. Accordingly, we dismiss 09CA0772 and 09CA0773 with prejudice. *See In re Marriage of Paul,* 978 P.2d 136, 138 (Colo.App.1998)(dismissing appeal with prejudice for mootness).

In 09CA0510, wife contends the trial court erred by denying her C.R.C.P. 59 motion. We dismiss this appeal as untimely under C.A.R. 4(a).

■ C.A.R. 4(a) provides that an appeal must be filed within forty-five days of the entry of final judgment. After a final judgment enters, if a timely C.R.C.P. 59 motion is filed, the forty-five day period for filing a notice of appeal is tolled and begins running from the date the post-trial motion is denied or is deemed denied under C.R.C.P. 59(j). *See* C.A.R. 4(a); *Koch v. Dist. Court,* 948 P.2d 4, 7 (Colo.1997)("[A] motion under C.R.C.P. 59 delays the finality of a judgment and creates uncertainty as to the legal status of the parties"); *In re Marriage of Cooprider,* 140 P.3d 312, 313 (Colo.App.2006). An untimely C.R.C.P. 59 motion does not toll the time for filing an appeal. In such a situation,

an appeal filed more than forty-five days after the final judgment enters must be dismissed. *See Schuster v. Zwicker,* 659 P.2d 687, 689 (Colo.1983).

■ A motion for post-trial relief under C.R.C.P. 59 must be filed "[w]ithin 15 days of entry of judgment . . . or such greater time as the court may allow." C.R.C.P. 59(a); *see In re Marriage of McSoud,* 131 P.3d 1208, 1212 (Colo.App.2006). A request for an extension of time to file a C.R.C.P. 59 motion must be filed before the fifteen-day period from entry of judgment expires. *See Schuster,* 659 P.2d at 689; *McSoud,* 131 P.3d at 1212.

Wife moved for additional time to file her C.R.C.P. 59 motion on November 26, 2004—fourteen days after the maintenance order entered. Wife requested additional time for the specific purpose of obtaining a transcript of the hearing so that her newly-hired attorney could prepare a post-trial motion. On December 6, 2004, the court granted wife's request and ordered that "the motion shall be due 15 days after the transcript is delivered to [wife's] counsel."

Nearly four years later, on November 23, 2008, wife filed her C.R.C.P. 59 motion, contending she had been unable to obtain a transcript.

The record does not reflect that wife, during this four-year period, ever informed the trial court of her inability to obtain a transcript, of her continued efforts to do so, or of her continued intent to seek C.R.C.P. 59 relief. Wife had numerous opportunities to do so, because the court's register of actions indicates that the parties filed multiple pleadings and appeared in court during this time. Moreover, even after wife learned no transcript was available—via her former attorney's affidavit dated July 24, 2008—she then inexplicably delayed another four months before she filed her C.R.C.P. 59 motion.

■ Under these circumstances, we conclude that wife effectively abandoned her C.R.C.P. 59 motion by not diligently prosecuting it in the trial court. *See Worthington v. Thomas,* 134 Idaho 433, 4 P.3d 545, 549 (2000) (seven-year delay in prosecuting mo-

**632**

tion to modify judgment was unreasonable, particularly when parties were in court on other matters during that time, and thus motion was effectively abandoned and did not operate to suspend finality of judgment); *cf. Streu v. City of Colo. Springs,* 239 P.3d 1264, 1268 (Colo.2010) (plaintiff bears burden of prosecuting case diligently unless plaintiff presents mitigating circumstances sufficient to excuse delay).

■ We are not persuaded otherwise by the July 24, 2008 affidavit of wife's former attorney, because it contains merely conclusory statements concerning the attorney's efforts to obtain a transcript. *See Streu,* 239 P.3d at 1269 (conclusory statements in affidavit with no specific information supporting party's claim of financial inability to prosecute case were insufficient to avoid dismissal for failure to prosecute); *Rossi v. Mathers,* 749 P.2d 964, 965–66 (Colo.App.1987) (conclusory assertions of diligent efforts to move case forward without a showing of specific facts held insufficient to establish abuse of discretion by trial court in dismissing case). Because wife's 2010 affidavits contain equally conclusory statements, we are not persuaded by them either. *See Streu,* 239 P.3d at 1269; *Rossi,* 749 P.2d at 965–66.

Because a motion under C.R.C.P. 59 delays the finality of a judgment, thereby creating uncertainty as to the legal status of the parties, such a motion must be filed very soon after judgment enters. *See Koch,* 948 P.2d at 7; *see also Worthington,* 4 P.3d at 549 (fairness and equity do not allow party to effectively destroy finality of a judgment by not prosecuting motion to modify it for seven years). Wife sought an extension of time here for the sole purpose of obtaining a transcript. Thus, even assuming, as she contends, that she made "diligent" efforts over four years to obtain a transcript, once she learned no transcript was available, she should have acted expeditiously to file her motion. She instead delayed another four months, and she provides no explanation for the additional delay.

■ Accordingly, we conclude: (1) wife did not sufficiently establish diligent efforts to obtain a transcript; and (2) wife's delay in filing her C.R.C.P. 59 motion, after learning

that no transcript was available, was unreasonable. Because we conclude wife's C.R.C.P. 59 motion was untimely, her appeal is untimely as well, under the provisions of C.A.R. 4(a), and we therefore dismiss it.

In light of our disposition, we need not address the other issues wife raises.

The appeal is dismissed.

Judge GABRIEL and Judge RICHMAN concur.